THE CITY OF ALBANY, Respondent, *v.* JOHN W. MCNAMARA, Executor, etc., Appellant.

A person receiving aid as a poor sick person from the officers of the poor in a city or county, in the absence of any representations on his part as to his responsibility or physical condition, incurs no liability to repay the amount expended on his behalf.

*It seems* the question as to the propriety of granting relief asked is confided to the discretion of said authorities, and if they grant it, the presumption is that they made such investigations as they deemed necessary and determined the question as to the right of the party to relief, their determination cannot be reviewed.

Such aid, once furnished, must thereafter be regarded as a charity extended by the authorities without expectation of reimbursement, and their misjudgment as to the necessities of the person relieved raises no implied promise on his part to repay moneys expended in his behalf.

Where, upon reference under the statute of a claim against the estate of P., defendant's testatrix, for money paid by plaintiff to a hospital for the care and maintenance of P. as a poor person under an order made by plaintiff's overseer of the poor, it did not appear that any application or request to the city authorities for aid or assistance had been made on her behalf, or that the order was issued upon application by her or on her behalf. *Held,* that a denial of a motion for a nonsuit was error.

*It seems* that the claim would not have been sustained, even if proof of application had been made.

Statement of case.

Money voluntarily paid out by one person for another may not be recovered
back. To maintain an action to recover moneys paid out and expended,
it is essential to prove a request to make the payment on the part of the
person benefited, either expressed or fairly to be implied from the
circumstances.

A presumption that an officer has performed his duty may not be indulged
in, as to a vital jurisdictional fact, in favor or the officer or the principal
he represents.

Every person has a natural right to choose the mode and manner of his
life, and, so long as he does not violate any positive provision of law, to
follow it; and money voluntarily furnished by the charitable and credu-
lous, without deception, to aid him, cannot be recovered back.

The possession of some property by a person does not always and neces-
sarily preclude him from a just claim for charitable relief.

*City of Albany* v. *McNamara* (49 Hun, 356) reversed.

(Argued October 14, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Supreme
Court in the third judicial department, entered upon an order
made May 11, 1888, which affirmed a judgment in favor of
plaintiff, entered upon the report of a referee.

This was a reference under the statute of a claim against the
estate of Mary E. Payne, defendant's testatrix.

The nature of the claim, as well as the material facts, are
stated in the opinion.

*James F. Tracey* for appellant. The presumption of the
regularity of official acts does not apply to jurisdictional facts
in case of officers of special, limited or statutory jurisdiction.
(Taylor's Ev. § 147; Wharton's Ev. § 1318; *Jewell* v. *Van
Steenburgh*, 58 N. Y. 85, 92; *Miller* v. *Brown*, 56 id. 383,
386; *Sibley* v. *Waffle*, 16 id. 180, 190; *Wood* v. *Terry*, 4 Lans.
80, 84.) As there is no evidence tending to sustain the finding
of fact that the permit was issued on the personal application
of plaintiff's testatrix, it is an error of law. (Code of Civ.
Pro. § 993; *Bedlow* v. *N. Y. F. D. Co.*, 112 N. Y. 263, 269.)
The testimony of Parr as to the statement of Dr. Robinson or
Dr. Wright were improperly received. Agency cannot be
proved by the act or declaration of the disputed agent.

(*Marvin* v. *Wilber*, 52 N. Y. 270.) In order to maintain an action for money paid by it to the use of the deceased, in the absence of an express promise, there must be shown a request by the person for whom the money was paid, either express or implied. (*Taylor* v. *Baldwin*, 10 Barb. 626; *Ingraham* v. *Gilbert*, 20 id. 151; *Burdick* v. *Glass Co.*, 11 Ver. 19; *Gage* v. *Babcock*, 48 N. Y. 154.) There is nothing in evidence from which a request can be implied as matter of law. (*Exall* v. *Partridge*, 1 Term Rep. 310; *Bailey* v. *Bussing*, 28 Conn. 455; *Jones* v. *Wilson*, 3 Johns. 434.) Before the law will raise an implied request in any case the liability of the defendant and the compulsory nature of the payment must be made to appear affirmatively. (*Moffat* v. *Henderson*, 18 J. & S. 211, 219.) The plaintiff could not have been compelled to pay the hospital as it has entirely failed to put in evidence any facts tending to show that the deceased ever was a proper or fitting object of poor relief. (*New Bedford* v. *Chace*, 5 Gray, 28; *Monson* v. *Williams*, 6 id. 416; *Berkley* v. *Taunton*, 19 Pick. 480.) There is an absence of proof of mistake of fact. (*Kingston Bank* v. *Eltinge*, 40 N. Y. 391, 396.) Neither absolute poverty nor total infirmity is called for by the statute. (*Town of Poplin* v. *Town of Hawke*, 8 N. H. 305, 307.)

*D. Cady Herrick* for respondent. The city having paid out the money under its primary obligation to support paupers, can recover it from whomsoever was legally liable to support defendant's testatrix. (1 R. S. 616, § 14; *Charlestown* v. *Groeland*, 15 Gray, 15; *Monson* v. *Williams*, 6 id. 416; *Goodale* v. *Lawrence*, 88 N. Y. 518; *Forsyth* v. *Sanson*, 5 Wend. 558.) Plaintiff, by the contract and the issuing of its commitments, placed itself in the position of a surety, the testatrix being the principal debtor. (*Moffat* v. *Henderson*, 18 J. & S. 211.) The plaintiff (surety) having been compelled to pay the debt, is entitled to recover from the defendant (principal). (*Hunt* v. *Amidon*, 4 Hill, 348.) Plaintiff could not be barred from a recovery of money paid under mistake

of fact, even if it disregarded the means to obtain the necessary knowledge. (*Lawrence* v. *A. N. Bk.*, 54 N. Y. 432.) The courts have gone so far as to hold that a strict rule of construction cannot be applied to moneys even voluntarily paid by a public officer, who pays out the moneys of the State, county or town, as the power of such officers is generally limited by statute, the payment of money contrary to statute might be a misappropriation by which the recipient would get no right. (*Surdam* v. *Fuller*, 31 Hun, 502 ; *People* v. *Starkweather*, 10 J. & S. 325 ; *Bd. of Suprs.* v. *Ellis*, 59 N. Y. 620 ; *People* v. *Fields*, 58 id. 491.)

RUGER, Ch. J. The material question in this case is whether a person receiving aid as a poor sick person from the officers of the poor in a city or county, in the absence of any representations as to his responsibility or physical condition, incurs a liability to repay the amount expended on his or her behalf by such city or county.

The claim was that the plaintiff was entitled to recover of the defendant's testatrix an amount of money paid by it to the Albany Homœopathic Hospital for the care and maintenance of such testatrix, as a poor person.

The question arises in proceedings under the statute, upon a reference authorized by the surrogate, to determine claims against the estate of the testatrix. At the close of the plaintiff's evidence the defendant moved for a nonsuit, which was denied by the referee and the defendant excepted. The motion was based upon the ground that no application or request for aid or assistance on the part of defendant's testatrix to the authorities of Albany had been shown, and that without such proof the action could not be sustained.

This proof was essential upon the theory of the case presented by the plaintiff, and not having been furnished, the exception to the refusal to dismiss the claim was well taken. We might properly dismiss the discussion of the case at this point; but as that would not wholly satisfy the object of counsel as exhibited by the argument, we have thought it

proper to indicate our views as to the propriety of the action generally. The proof showed that the city of Albany had paid to the Homœopathic Hospital the sum of $538.28 for care and maintenance furnished to Mary E. Payne under an order made by its overseer of the poor, directing the hospital to extend aid to her. There was no evidence that this order was issued upon the application of the testatrix, or of any one upon her behalf. It was proved that such applications were usually made, and also that such orders were sometimes issued without any application.

It is obvious that this claim, if supportable at all, must be so upon the principles which obtain in actions to recover back moneys paid and expended by one person for another.

It is an elementary principle in such actions that money voluntarily paid out by one for another cannot be recovered back. (1 Parsons on Contracts, 471 *et seq.*) In order to support such an action it is essential that a request on the part of the person benefited, to make such payment, either expressed or fairly to be implied from the circumstances of the case, must be proved. (Addison on Contracts, 1055, *Wright* v. *Garlinghouse*, 26 N. Y. 539; *Wellington* v. *Kelly*, 84 id. 546.)

To bring itself within these rules, the respondent claims that the testatrix was legally liable to the hospital for the debt incurred for her board and maintenance, and that inasmuch as the city has paid that liability upon the implied request of the testatrix, her estate is liable to the plaintiff for such payment.

We are of the opinion that, under the circumstances of this case, no such liability was incurred by the testatrix to the hospital; neither is there any proof that she, directly or indirectly, requested the plaintiff to pay such liability or incur such expenses for her benefit. It is claimed that such request may be inferred from a presumption applying to the acts of public officers, that they have performed such legal duties as the law imposes upon them and that the law makes it their duty to make inquiries and afford aid to the poor sick. No

such duty is expressly imposed by the statute, and, if it exists at all, it is itself an implication from the nature of the powers conferred upon them. It relates to a course of conduct and not to any specific act, and is not such a specific duty as authorizes the application of the rule in question. Neither can such a presumption be indulged in as to a vital juris-dictional fact in favor of the officers, or the principal they represent, in an action which is founded solely upon the con-dition of a performance of duty by them.

The claim that they were requested to act lies at the founda-tion of the alleged right of recovery, and is a substantive fact in the controversy, not the subject of a presumption. (*Sheldon* v. *Wright*, 7 Barb. 39; *People* v. *City of Brooklyn*, 21 Barb. 484; *U. S.* v. *Ross*, 92 U. S. 281.)

There is no claim that the testatrix made any personal application to the poor authorities for relief, but it is sought to raise a presumption that some one, who is not shown, made some sort of application in her behalf, because, as it is argued, that such application was usually made. It is not shown that such person, whoever it might be, had any authority from the testatrix to make such application, or any representations in her behalf, or what representations were in fact made in regard to her circumstances or condition upon that occasion. If the court were at liberty to draw inferences from the circumstances shown, they could infer only that before extending aid the city authorities, in the performance of their duty, had examined into the circumstances of the defendant's testatrix and found she was entitled to such aid. There is no evidence in the case but that she was, in fact, a person entitled to relief under the law, and we cannot see how the alleged presumption, even if it was indulged, could aid the plaintiff's case.

But we do not think that a request for aid can be implied from the circumstances stated, or, if it can, that it was any-thing more than the usual solicitation for charity which apparently needy persons make to the poor authorities, and for receiving which no implied promise can be raised for

reimbursement. The fund from which the moneys were advanced was created for the purpose of affording gratuitous relief to the indigent poor, and if an applicant therefor did not come within the description of persons entitled to such relief, the authorities were not authorized to grant it. The law contemplates some examination by the authorities into the circumstances of objects of charity, and if that does not show them to belong to the ·class entitled, under the statute, to aid, it is their duty to deny relief. The circumstances which control the exercise of the power to grant relief to poor persons are so various in the cases of different persons, and are so incapable of being defined by strict rules, that much must be left to the judgment and discretion of the officers.

The possession of some property by a person does not always and necessarily preclude such person from a just claim for relief. The question of the propriety of relief is confided to the discretion of the poor authorities, and if they grant the relief asked, it is to be presumed they have made such investigations as they deemed necessary, and have determined the question as to the right of the party examined to such relief. There is no provision made in the law for a review of that determination, and such aid, once furnished, must thereafter be regarded as a charity extended by the city to the object of their benevolence without expectation of reimbursement. (*Deer Isle* v. *Eaton*, 12 Mass. 320; *Medford* v. *Learned*, 16 id. 215.) The misjudgment of the officers of the poor as to the necessities of the person relieved raises no implied promise on the part of such person that he will repay moneys expended in his behalf.

It is urged by the respondent that every person is, in law, primarily liable to support himself. It is quite probable that most persons who do not support themselves are likely to get little or very poor support from any one; yet it is not true, as a legal proposition, that every person is liable to support himself. Every person has a natural right to choose the mode and manner of his life, and, so long as he does not violate any positive provision of law, to follow it, and if aid and assistance

are voluntarily furnished by the charitable and credulous with-out deception to such person, we know of no rule that enables the persons giving to recover back from the object of their benevolence the moneys so advanced to him. (*Deer Isle* v. *Eaton, supra.*)

It is also claimed by the respondent that the moneys paid may be recovered back upon the ground that they were paid under a mistake of fact. Even if this were so, it affords no claim against a third person who has made no request for the payment of such moneys; but a more conclusive answer to the contention rests in the fact that there is no evidence that any such mistake occurred.

The case is destitute of any evidence that the defendant's testatrix was not a proper object of bounty at the time the relief was extended to her.

The judgment of the General Term, and that entered upon the report of the referee, should, therefore, be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.