(4 Misc. Rep. 236.)

### KOEHLER v. HUGHES et al.

(Supreme Court, Special Term, New York County. June, 1893.)

RIGHTS OF MORTGAGEES—PAYMENT OF TAXES—UNDIVIDED INTEREST.

> A mortgagee of an undivided interest in land who pays the taxes on the whole tract is a volunteer, and cannot subject the whole tract to a lien for the taxes so paid; Consolidation Act, (Laws 1882, c. 410,) § 847, providing that the owner of an undivided interest in land may pay his proportionate share of the taxes.

Action by David M. Koehler against Henry Hughes and another to subject land to a lien for taxes paid by him. Judgment for defendants.

David McClure and Charles Goldzier, for plaintiff.
Lewis Johnston and Edward W. S. Johnston, for defendants.

O'BRIEN, J. This action was brought by plaintiff, who holds a deed given as security for a loan made to one claiming to be a tenant in common of a parcel of land, and it is alleged that plain-

tiff was compelled to redeem the land from a tax sale, to be sub-
rogated to the rights of a lienor upon the land, and to compel payment of the money thus expended by a sale of the land.   The plaintiff claims to have established by competent proof that his grantor,
Henry Hughes, was, as alleged in the complaint, seised and possessed of one undivided eighth share, title, and interest in and to
the premises.   The deed from Henry Hughes to plaintiff is dated
December 10, 1889, and is in form a bargain and sale deed, the
consideration mentioned being the sum of $1,000.   The proof shows
that this deed was given as security for a loan to Henry Hughes.
It is alleged in the complaint that the first payment of taxes was
made on September 11, 1889; and as the plaintiff's interest in
the property is not claimed to have existed until the date of the
deed to him, which was December 10th, this would be fatal to the
plaintiff's right to recover for such payment, were it not shown
by the proof that this date of September 11th is a mistake, and
was intended for December 11th, as shown by the check given
in payment and the payment itself.   It thus appears that, subsequent to the receipt of the deed by plaintiff, with a view to protect his interest in the property, he paid the taxes which were
assessed against it, and it is to recover the amounts thus paid,
by having the same charged upon the land, and the whole property
sold to satisfy the same, that this action is brought.

Upon the proof made, there are many insuperable objections to
according any such relief, one of which only it will be necessary
to mention.   Whether, in view of the judgment in the court of common pleas, plaintiff's grantor, at the time of making the deed, had
a one-eighth or any interest in the property is exceedingly doubtful.   But, assuming that this judgment is not conclusive upon
the plaintiff, and that he had such interest, the question then is
whether a person holding an equitable mortgage upon one-eighth
of the property could pay the taxes assessed against the whole
property, and become subrogated so as to obtain, to the extent of
the money so paid for taxes, a lien against the land which could
be enforced by a sale.   It is not even intimated that this payment was made at the request of the defendant Joseph Hughes, who
was the owner of at least seven-eighths of the property; yet, under the authorities, it would be necessary for the plaintiff to prove
that he was no volunteer in the payment of these taxes, and that
he paid them under such circumstances as would entitle him to be
subrogated to the rights of the purchaser of these tax certificates.
"Money voluntarily paid out by one person for another may not
be recovered back.   To maintain an action to recover moneys
paid out and expended, it is essential to prove a request on the
part of the person benefited either expressed or fairly to be implied from the circumstances."   City of Albany v. McNamara, 117
N. Y. 168, 22 N. E. Rep. 931.   "One who is a volunteer may not
invoke the aid of subrogation, as he can establish no equity.   To
entitle him to its benefits, he must have paid upon request or as
surety to protect his own rights."   Acer v. Hotchkiss, 97 N. Y. 395.

"No person can make himself a creditor of another by voluntarily discharging a duty which belongs to that other, and no obligation can be implied in law by the payment of the debt or obligation of another, without his request, by one who is under no legal liability or compulsion to make it." First Nat. Bank of Ballston Spa v. Board of Sup'rs, 106 N. Y. 488, 13 N. E. Rep. 439; Brennan v. Chapin, (Com. Pl. N. Y.) 19 N. Y. Supp. 237; Preston v. Fitch, (Sup.) 19 N. Y. Supp. 849. From these authorities it will be seen that, in the absence of a request by a person to be benefited, a third party cannot make a payment who is under no legal liability or compulsion to make it, and thus make himself a creditor of the person benefited. The plaintiff was under no legal liability or compulsion, nor was he requested by Joseph Hughes to make the payment.

The suggestion that because the plaintiff, by his deed, had not become a mortgagee in equity of the whole land, and therefore could not take advantage of the provisions of the consolidation act by paying so much of the tax as would be a fair and proportionate amount according to the interest claimed, is without force. Section 847 of the consolidation act provides for the payment of undivided parts of taxes in cases where a sum of money in gross has been taxed upon premises, by which any person or persons claiming either a divided or an undivided part thereof will be permitted to pay that proportion which, by the comptroller, shall be deemed just and equitable, leaving the interest which has thus paid its proportion free from any further claim; so where the property has been sold. Section 942 provides the means of redeeming any portion of the land sold within the time limited for redemption. What plaintiff could and should have done was to pay the proportion of the taxes, or redeem from the sale for the proportion of the taxes which was justly assessable against his share; and the amount thus paid, under the authorities, he could have added to the mortgage, and, upon foreclosure and sale of the undivided interest upon which he had his mortgage lien, he could have been reimbursed. I cannot find, however, any authority, nor, in the face of the provisions of the consolidation act which were intended to meet just such a case as is here presented, any reason, which would justify the plaintiff's theory, that, by paying the taxes upon the entire property, he thereby had a lien thereon which could be enforced by a sale of such property without his either proving a request on the part of the other cotenants, or showing that he was under a legal liability or compulsion to make such payment. It will thus be seen that, irrespective of the question whether the plaintiff's grantor had or had not any interest in the property, plaintiff could not subject to a lien and sale the interest of the other cotenants. Regarding, therefore, the question of title as immaterial, I have refused findings in favor of or against the respective contentions on this point; my conclusion being that, as against the defendant Joseph Hughes, the plaintiff was a mere volunteer, and that there should be a judgment dismissing the complaint, with costs.