point now presented is sound or not need not, therefore, be determined in the disposition of this appeal.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.

---

(64 App. Div. 305.)

NEWBURGH SAV. BANK v. TOWN OF WOODBURY et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1901.)

1. MUNICIPAL CORPORATIONS—BONDS — PRIVATE PURPOSE — DRAFTED MEN — CONSTITUTIONAL LAW.

Where, acting under Laws 1892, c. 664, in terms authorizing the reimbursement of drafted men within the town of Woodbury, the supervisors issued bonds of the town for such purpose, the bonds were illegally issued in violation of Const. art. 8, § 10, providing that no town shall be allowed to incur any indebtedness except for town purposes.

2. SAME—VOLUNTARY PAYMENT—MISTAKE OF LAW.

Where plaintiff purchased the bonds of the town of Woodbury issued to raise money to reimburse drafted men, as provided by Laws 1892, c. 664, under the mistaken belief that such statute was not in violation of the restraints of Const. art. 8, § 10, prohibiting any town from incurring any indebtedness except for town purposes, the payment for the bonds was voluntary, and cannot be recovered back, since the mistake was one of law, and not of fact.

3. SAME—RECIPIENT—REQUEST—RECOVERY.

Where, acting under an unconstitutional statute, the supervisors of a town issued bonds, and paid the proceeds to drafted men, as provided by such statute, the purchaser of such bonds cannot recover from such men the sums so received by them respectively, though they paid no consideration therefor.

4. APPEAL AND ERROR—NOTICE OF APPEAL—PARTIES—EFFECT.

Where, in an action against several defendants, judgment is recovered against all, and two only appeal, specifying in their notice of appeal that they appeal from so much of the judgment as is against each of such appellants, the liability of the defendants not being joint, the judgment will stand as to the defendants who failed to appeal, though it be reversed as to appellants.

Appeal from special term, Orange county.

Action by the Newburgh Savings Bank against the town of Woodbury and others. From a judgment for plaintiff the defendants John G. Earl and Israel Owens appeal. Reversed as to appellants.

Argued before GOODRICH, P. J., and WOODWARD, JENKS, and SEWELL, JJ.

Joseph W. Gott, for appellants.
Charles F. Brown, for respondent.

WOODWARD, J. There is no substantial dispute as to the facts in this case. On the 3d day of December, 1893, the board of supervisors, acting under the provisions of chapter 664 of the Laws of 1892, authorized the reimbursement of drafted men within the town of Woodbury, in the county of Orange, and for this purpose a provision was made for the issuing of the bonds of such town in the manner pointed out by the statute. The plaintiff advanced to the town of Woodbury, through the supervisor, $4,000, taking four of the

bonds of the town for $1,000 each, payable February 1, 1895, 1896, 1897, and 1898, with interest at 5 per cent. per annum, which interest, together with the first of the series of bonds, was paid on the 1st day of February, 1895, since which time no payments have been made. The town, through its supervisor, paid the $4,000 received for such bonds to the county treasurer on the 1st day of February, 1894, and simultaneously therewith, through its collector, a further sum of $1,346, raised by taxation for the same purpose. These two sums, aggregating $5,346, were deposited in the county treasurer's general account February 1, 1894, and transferred to the "drafted men's account" February 2, 1894. On that day the defendants Earl, Owens, and Stokem presented vouchers for payments of commutation moneys under the draft of 1863, and these were duly paid by the county treasurer, under the impression that the defendants were entitled to the money under the laws of this state. The defendants Earl and Owens received this money, supposing themselves entitled to it under the provisions of chapter 664 of the Laws of 1892, and there is no suggestion in the pleadings or the proofs that there was any fraud, compulsion, duress, misrepresentation, concealment, or mistake of facts on the part of any one connected with this transaction. The payments, in so far as the town of Woodbury and the county treasurer are concerned, were purely voluntary. They had been authorized by the petition of a majority of the resident taxpayers, representing more than one-half of the taxable property of the town of Woodbury. The board of supervisors, exercising a discretion authorized by the statute, had provided for the raising of the money; and the county treasurer, in making the payments to the holders of vouchers, was merely performing a ministerial duty in behalf of the town of Woodbury, and the citizens and taxpayers of the town had acquiesced in these payments, without protest, for a series of years. Subsequently, and in 1899, the court of appeals, in Bush v. Board, 159 N. Y. 212, 53 N. E. 1121, 45 L. R. A. 556, 70 Am. St. Rep. 538, held chapter 664 of the Laws of 1892 unconstitutional, and the plaintiff brought this action, claiming the right to recover the money advanced, whether in the hands of the county treasurer or of the other defendants.

Upon the trial at special term the learned court found the facts substantially as stated above, holding, not without reluctance, that:

"While I am not entirely clear that the mistake in payment is not one of law alone, which, under the general rule, will prevent a recovery back of the money, equity demands that the money the bank advanced without any consideration, being traced to defendants, should be returned by them, as they have no moral right to it, and as the mistake in payment perhaps involved a mixed question of law and fact, the question of fact being whether the statute was enacted in violation of the restraints of the constitution."

· Acting upon this theory, the learned court directed that the "decree will provide that county treasurer repay moneys he holds, $1,782, and direct that defendants Owens, Earl, and Stokem each repay to plaintiff $767.25," and from the judgment entered the defendants Earl and Owens appeal to this court, having duly filed exceptions to the findings of facts and conclusions of law.

In the view which we have taken of this question, it is unnecessary to consider the process by which the learned court reached its conclusions as to the amounts due to the plaintiff from the defendants who now appeal; for, unless the whole current of authority is to be overturned, the plaintiff cannot recover in this action as against the appellants. It is certainly a new doctrine that any question of fact which would help the plaintiff can be involved in the question of "whether the statute was enacted in violation of the restraints of the constitution." The constitution, subject to the federal limitations, is the supreme law of this state; and, if the citizen is to be presumed to know the law at all, he may fairly be expected to know the fundamental law; and this has at all times within the scope of this controversy declared that no county, city, town, or village should be allowed to incur any indebtedness except for county, city, town, or village purposes. Article 8, § 10. The act under which these bonds were issued did not purport to provide for any town purpose. It was entitled "An act to enable the several cities and towns of this state which have not already done so, to refund the money expended in furnishing substitutes, or in commutation by the men who were drafted into the military service of the United States," etc. In a like manner the act of the board of supervisors in providing for the issuing of bonds, for which no direct authority appears in the statute, is entitled "An act to authorize the town of Woodbury, in the county of Orange, to borrow money for the purpose of reimbursing the drafted men of October 8th, 1863, pursuant to chapter 664, Laws of 1892." Knowing, or having the means of knowing, these facts (for it is not suggested that the plaintiff was in any way misled), and knowing, as it is presumed to know, that the law forbade the town of Woodbury contracting any indebtedness except for town purposes, the plaintiff in this action advanced $4,000 for the express purpose of paying the claims of the defendants, whose relations were not with the town, but with the federal government; and it now claims the right of passing over the head of the town, which could not become obligated, and of recovering this money from the defendants. The payment made by the plaintiff, if we may disregard the intermediate parties, was not made at the request of the defendants; it was not induced by fraud or improper conduct on the part of the defendants, but, on the contrary, was made with full knowledge of all the facts and circumstances growing out of and connected with the claim; and the error on the part of the plaintiff was one of law, not of fact. Flynn v. Hurd, 118 N. Y. 19, 26, 22 N. E. 1109. The rule is well established that money paid under such circumstances cannot be recovered back. In order to support such an action, it is essential that a request, on the part of the person benefited, to make such payment, either expressed or fairly to be implied from the circumstances of the case, must be proved. City of Albany v. McNamara, 117 N. Y. 168, 172, 22 N. E. 931, 6 L. R. A. 212, and authorities there cited. In the case at bar no such fact appears. The statute under which the parties supposed themselves to be acting provides (section 2, c. 664, Laws 1892), under certain circumstances, that "the board of supervisors may in its discretion levy and assess, upon the taxable

property and persons of such city or town, a sum sufficient to pay the drafted men of such city or town aforesaid," but nowhere in the statute is there any provision for the issuing of the bonds of the town for this purpose, and, so far as appears from the record, the defendants involved in this appeal had no knowledge whatever of the relations existing or supposed to exist between the plaintiff and the town of Woodbury. So far as we are aware, the defendants may have believed the money which they received from the county treasurer had been provided in the manner pointed out by the statute, and there is no room for the assumption that they had anything whatever to do with the payment of the money on the part of the plaintiff. The request to act on the part of the defendants lies at the foundation of the alleged right of recovery, and is a substantive fact in the controversy, not the subject of a presumption. City of Albany v. McNamara, 117 N. Y. 173, 22 N. E. 931, 6 L. R. A. 212, and authorities there cited. Putting the plaintiff in the best light possible under the facts proven, it has stepped in and paid to the defendants the amount of money claimed by them under the provisions of a statute. It has determined a question of law for itself, and has paid the money to these defendants voluntarily, under the impression that the town of Woodbury had a legal right to issue its obligations, and that the same would be paid. The claim, on its face, was against the town of Woodbury. The defendants had not asked the plaintiff for this money, and high authority asserts the rule that "no person can make himself the creditor of another by voluntarily discharging a duty which belonged to that other; and no obligation can be implied in law from a voluntary payment of the debt of another, without his request, by one who is under no legal liability or compulsion to make it." First Nat. Bank of Ballston Spa v. Board of Sup'rs, 106 N. Y. 488, 13 N. E. 439; Vanderbeck v. City of Rochester, 122 N. Y. 285, 289, 25 N. E. 408; Redmond v. City of New York, 125 N. Y. 632, 636, 26 N. E. 727. It adds nothing to the plaintiff's case that the defendants gave no consideration for the money. In the early English case of Brisbane v. Dacres, 5 Taunt. 155, the plaintiff was the captain of a ship under command of defendant's testator, Admiral Dacres. The plaintiff had received a considerable sum for transporting specie, one-third of which he paid to the admiral under a mistaken apprehension that he was entitled to it, and then brought an action to recover it back. In deciding the case, Gibbs, J., said: "We must take this payment to have been made under a demand of right. The principle has always been this: Wherever the money has been paid in consequence of a demand as of right, then, although the demand was unfounded, the payment cannot be recovered back," —and this doctrine was applied in the case of Mowatt v. Wright, 1 Wend. 355, 364, 19 Am. Dec. 508, and has been generally followed. See Clarke v. Dutcher, 9 Cow. 674, 686.

The cases decided in the United States supreme court, and relied upon by the plaintiff, are distinguishable from the case at bar, and cannot be admitted as authorities in support of the judgment. In Louisiana v. Wood, 102 U. S. 294, 26 L. Ed. 153, the city, for the purpose of evading the provisions of a statute requiring the regis-

tration of all municipal bonds, "and with the intention of making it appear that said bonds were not subject to the requirements of said law, caused said bonds to be antedated as of the 1st day of January, 1872, and caused it to be falsely stated in them that they were signed, countersigned, and sealed on the day last named." Upon this state of facts the court held that an action to recover the money could be mai. ained. It was said:

"It would certainly be wrong to permit the city to repudiate the bonds, and keep the money borrowed on their credit. The city could lawfully borrow money. The objection goes only to the way it was done. As the purchasers were kept in ignorance of the facts which made the bonds invalid, they did not knowingly make themselves parties to any illegal transaction."

In the case at bar the town had no power to borrow money for other than town purposes. The plaintiff, being bound to know the law, knew this; knew that the statute did not pretend to authorize the borrowing of the money for any purposes of the town, but for the benefit of individuals having no legal or moral claims against the community. City of Parkersburg v. Brown, 106 U. S. 487, 1 Sup. Ct. 442, 27 L. Ed. 238, bears no analogy to the present action, and, while some of its language may be cited in support of the judgment, its spirit is rather with the defendants; and we find nothing in Chapman v. Douglass Co., 107 U. S. 348, 2 Sup. Ct. 62, 27 L. Ed. 378, which conflicts with the law of the case at bar as developed in this discussion. In all of the cases there are considerations of equity between the parties to the illegal contract, while in the case at bar the town of Woodbury has received no benefit from the advance of money made by the plaintiffs. On the contrary, in addition to the sum originally contributed in taxes, the town has paid $1,000 of the principal, together with the interest on $4,000 for one year. The plaintiff knew, at the time the money was advanced, that the town was not to be benefited; and, having accepted the bonds of the town when it must have known that they were not issued for a town purpose, its payments to the defendants must be considered as voluntary payments under a mistake of law, and as such beyond the power of recall.

The complete judgment is not before us upon this appeal. The notice of appeal only calls up so much of the "judgment in pursuance of said decree entered in the Orange county clerk's office herein December 10, 1900," as is "in favor of the plaintiff, the Newburgh Savings Bank, and against each of the defendants John G. Earl and Israel Owens." See section 1300, Code Civ. Proc. The county treasurer, who was merely the custodian of the funds, in his answer claimed no interest in the money, and asked that he be protected in making disposition of the same under the judgment; and there is no appeal from the decree or the judgment in so far as it directs the repayment of the fund in his hands to the plaintiff. Section 1205 of the Code of Civil Procedure provides that, where the action is against two or more defendants, and a several judgment is proper, the court may, in its discretion, render judgment, or require the plaintiff to take judgment, against one or more of the defendants; and, the court

having directed judgment against the several defendants in the amount found to be due from them, that judgment must stand as to all parties who have not appealed. "Where a judgment is against two or more persons," says Freeman on Judgments (2 Freem. Judgm. 481), "one only of whom appeals, its reversal, if the judgment was binding upon the defendants jointly, or if all must co-operate in complying with the judgment, affects the parties who did not appeal to the same extent as those who did. But if a defendant does not appeal, and is not made a party to the appeal by the service on him of notice thereof, an appeal by his co-defendant, followed by a reversal of the judgment, cannot authorize the retrial of the cause as against the nonappealing defendant, and the new trial must be confined to the issues between the parties to the appeal." See Morris v. Metropolitan St. Ry. Co., 51 App. Div. 512, 516, 64 N. Y. Supp. 878. The judgment should be reversed in so far as it finds any sum of money to be due from the defendants Earl and Owens to the plaintiff, and a new trial granted.

Judgment, so far as appealed from, reversed, and new trial granted; costs to abide the event. All concur.