E. Pearl Olmstead, Plaintiff, *v.* Millie J. Olmstead, Defendant.

Supreme Court, Cattaraugus County, January 14, 1931.

*Henry Donnelly*, for the plaintiff.

*Robert E. Murrin*, for the defendant.

Harris, J. This is an action in partition. The following are the facts proven before me on trial:

The plaintiff's testator died September 9, 1930, leaving a last will and testament dated and executed April 25, 1928, devising all of his estate to his daughter, the plaintiff, and appointed her sole executrix thereof. Such will was duly probated. The said testator left no debts, except the expenses for his last illness, and payment thereof and of his funeral expenses has been made by the plaintiff.

The real property in question was conveyed by deed dated June 6, 1928, to the testator and to the defendant, as tenants in common, such deed being recorded June 7, 1928. Bearing the same date as the deed, there was made a mortgage on the premises for the sum of $1,000, such mortgage providing for the payment thereof on June 6, 1933, and also providing to the mortgagors (plaintiff's testator and the defendant herein) the privilege of paying installments on the principal on any interest date beginning June 6, 1930.

On August 1, 1930, by his personal check, the plaintiff's testator paid such mortgage and a discharge of such mortgage was given to the plaintiff's testator and accepted by him, and such discharge was duly filed and recorded on the 2d day of August, 1930.

Bringing this suit in partition, the plaintiff, who is the daughter of the defendant, asked that on the partition of the premises, the same be charged with one-half the amount of the mortgage above described. The plaintiff sues individually and not as executrix of her father's estate.

It is an accepted principle that voluntary payment of the debt

of another without request, either direct or by implication, does not require a repayment by the one whose debt is paid. (*City of Albany* v. *McNamara*, 117 N. Y. 168.)

From the fact that the testator used his personal check in making the payment and took a discharge and not an assignment of the mortgage, and due to the fact that this payment was considerably ahead of the time the mortgage would fall due, and due to the relationship between the plaintiff's testator and the defendant (that of husband and wife), I am of the opinion that the plaintiff's testator did not intend to charge his wife or her interest in the real estate with any portion of the mortgage paid by him and that, therefore, the interest of the defendant in the premises is free of any claim on behalf of the plaintiff or of her testator's estate on account of the payment of such mortgage.

It is conceded that it is not possible to physically partition the premises in question, and I, therefore, order a sale of the same by and under the direction of John H. Ryan, of the city of Olean, as referee.