In the Matter of KATIE LANG, an Incompetent Person. Application of WILLIAM HODSON, as Commissioner of Public Welfare of the City of New York, Respondent. In the Matter of ROSE L. SCHWOBEL, as Committee of the Property of KATIE LANG, an Incompetent, Appellant.— Order affirmed, without costs. Section 128 of the Public Welfare Law clearly sustains the order so far as concerns the period from January 1, 1930, to August 27, 1931. For the period prior to that date, section 57 of the Poor Law, then in force, requires reimbursement from the mother or her committee for the support of the illegitimate infant child, on the theory that the mother is one "who has been assisted by  *  *  * city." She was legally obligated to care for and support the illegitimate child; and to the extent that the city took over the care of the child the mother was "assisted by" the city and, therefore, section 57 requires that she reimburse the city when, as now appears, she is possessed of real or personal property which enables her to discharge her obligation in this regard to the city. The presumption upon which the conclusion in *City of Albany* v. *McNamara* (117 N. Y. 168) was based has been changed by the statutes, so that an obligation to reimburse arises when the person who has been assisted by or receives support from the city becomes possessed of real or personal property. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

In the Matter of Proving the Last Will and Testament of HENRY REIMERS, Deceased. EDNA L. WEIGELT, Individually and as Executrix, etc., of HENRY REIMERS, Deceased, Appellant; JOHN BAHRENBURG, and Others, Administrators, etc., of FRED ANTUSCH, Deceased, Respondents.*— Order of the Surrogate's Court of Queens county, in so far as appealed from, reversed on the law and the facts, without costs, and the application for discretionary allowances therein granted to the extent of $5,121.53 denied, without costs. In view of the fact that the major part of the disbursements was necessitated by the prosecution of the unmeritorious appeal by the contestants from the decree of the Surrogate's Court in so far as it denied probate to the 1923 will, they should be disallowed, in the exercise of sound discretion. For the same reason the counsel fee in respect to this phase of the litigation should be disallowed. This estate has been, heretofore, unduly burdened with allowances to the unsuccessful contestants. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

In the Matter of the Application of GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Rehabilitator of STATE TITLE AND MORTGAGE COMPANY, Appellant, for a Peremptory Order of Mandamus against AARON L. JACOBY, Register of Kings County, Respondent.† — Order denying application for a peremptory mandamus order affirmed, with costs, as a matter of law and not in the exercise of discretion, on authority of *Matter of People by Van Schaick* (*National Title Guaranty Co.; Jacoby*) (*ante*, p. 692). Young, Kapper, Hagarty and Davis, JJ., concur; Lazansky, P. J., dissents.