(Surrogate's Court, Rensselaer County. July 18, 1907.)

1. PAUPERS—SUPPORT—RECOVERY FROM ESTATE.
   An application by a city to be reimbursed from the estate of a decedent for its care of her in the poorhouse for 16 years on a temporary commitment, on the ground that the city was deceived as to her need of charity, cannot be upheld without evidence of fraudulent conduct.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Paupers, §§ 209–211.]

2. SAME—FRAUD.
   In the absence of proof to the contrary, it will be presumed that a person received into a public charitable institution truthfully answered questions asked of her touching her property.

In the matter of judicial settlement of the estate of Mary L. Carroll. Claim disallowed.

George B. Wellington, Corp. Counsel, for claimant.

Clarence E. Akin, for administrator.

HEATON, S. Claim of the city of Troy against the estate of Mary L. Carroll (sometimes known as Loughman) to be reimbursed for her keeping as an inmate of the county poorhouse during about 16 years prior to her death. When admitted to the county house in 1899, the deceased had in the Troy Savings Bank $578.26 and a note of face value of about $1,000, but of no value now. The estate of the deceased now amounts to about $800. Her husband survives, who has not lived with her for many years and who is irresponsible. She leaves no next of kin.

The city bases its claim upon the presumption that its officers made inquiries as to her need of charity, decided that she was so in need, but were deceived, or united with the deceased in perpetrating a fraud upon the city. The latter presumption cannot be entertained, as there is no evidence that any city officer acted fraudulently, and no such action will be presumed. Neither is there evidence that any city officer was deceived, since it does not appear that any inquiry was made as to the financial condition of the deceased or any information upon the subject given by any one. Neither does it appear that the deceased gave the officer any information, or gave false information concerning herself or her financial resources. If we assume that the entries in the book were made from statements of the deceased (of which there is no evidence), it does not appear that she was asked con-

cerning her money or property, or what answer she made if she was so asked. Assuming that, if asked, she told the truth, as we must, the presumption is that she told the officer about her bank deposit and note and the reason why she used her maiden name. Since the cause of the dependency was a sore foot, which no doubt was looked upon as a temporary disability, it would not be strange if the officer judged that it was better public policy to give her needed temporary assistance, leaving her the money with which to support herself after her recovery, or to defray her funeral expenses upon her death. It does not even appear that she made application for relief; but, on the contrary, one might reasonably say that she was found by the charity officer and sent to the county house as a real act of charity, rather than that she, with her sore foot, which was the sole cause of her not being able to take care of herself, sought out and went to the superintendent of the poor with the covert intention of defrauding the city. If, then, there is no evidence that the deceased obtained help from the charity department of the city by any fraudulent act which has been proved to have been committed by her and which induced the city to grant her charity, then, under the decision in the case of City of Albany v. McNamara, 117 N. Y. 173, 22 N. E. 931, 6 L. R. 'A. 212, the claimant has not established a claim against the estate and cannot recover.

Under what arrangement the deceased remained in the county house for 16 years, when her commitment was only temporary, has not been shown, nor the time when she was cured of the cause of dependence and should have been discharged. The statute of limitations which has been raised might in any event cut off all claim under the original commitment.

Claim disallowed.