BUSH, Respondent, v. INTERNATIONAL PAPER CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 29, 1908.) Action by Frank Bush against the International Paper Company. No opinion. Motion for reargument denied, with $10 costs. Motion for leave to appeal to Court of Appeals denied.

CALPIN, Appellant, v. VOAS et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. May 27, 1908.) Action by Mary J. Calpin against George Voas and others. PER CURIAM. Ordered affirmed, with $10 costs and disbursements. The plaintiff may, at her election, strike from her complaint the words "and others," in which event she need not comply with that part of the order requiring her to name the persons included in the term "and others."

CALVERT, Respondent, v. THURSTON et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May 20, 1908.) Action by Leonard Calvert against Chas. E. Thurston and others. No opinion. Order affirmed, with $10 costs and disbursements.

CAREY, Respondent, v. SILBERSTEIN et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 5, 1908.) Action by William P. Carey against Max Silberstein and another. No opinion. Judgment of the Municipal Court affirmed, with costs.

CARPENTER, Respondent, v. PINK et al., Appellants (three cases). (Supreme Court, Appellate Division, Second Department. June 18, 1908.) Three actions by Charles Carpenter against Lizzie A. Pink and others. Order affirmed, with $10 costs and disbursements, in each case.

CARRIER, Respondent, v. POTTER, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 20, 1908.) Action by William H. Carrier against Frank A. Potter. PER CURIAM. Judgment affirmed, with costs. McLENNAN, P. J., not sitting.

In re CARROLL'S ESTATE. CITY OF TROY, Appellant, v. CARROLL'S ESTATE, Respondent. (Supreme Court, Appellate Division, Third Department. June 18, 1908.) In the matter of the estate of Mary L. Carroll, deceased. In the matter of the claim of the city of Troy against the estate of Mary L. Carroll, deceased. No opinion. Decree (106 N. Y. Supp. 681) unanimously affirmed, with costs.

CARTHAGE TISSUE PAPER MILLS, Respondent, v. VILLAGE OF CARTHAGE et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. July 7, 1908.) Action by the Carthage Tissue Paper Mills against the village of Carthage and others. PER CURIAM. Judgment affirmed, with costs. McLENNAN, P. J., not sitting.

CAUGHEY v. SMITH. (Supreme Court, Appellate Division, First Department. June 26, 1908.) Action by Clemens J. Caughey against Thomas M. Smith. From an order awarding a preference, defendant appeals. Modified. Eugene L. Sykes, for appellant. Edmund F. Harding, for respondent. PER CURIAM. The order should be modified, so as to award this action a preference over other issues noticed for the same term, and, as modified, affirmed, without costs.

CEFOLA v. SIEGEL–COOPER CO. (Supreme Court, Appellate Division, Second Department. June 12, 1908.) Appeal from Trial Term, Queens County. Action by Donat Cefola against the Siegel-Cooper Company for personal injuries. From a judgment for plaintiff, defendant appeals. Affirmed. See 119 App. Div. 896, 104 N. Y. Supp. 1123. Frederick E. Fishel for appellant. John B. Stanchfield for respondent.
PER CURIAM. Judgment affirmed, with costs.
GAYNOR, J. (dissenting). There being no appeal from the order denying the motion for a new trial on the minutes, but only from the judgment, we may review the exceptions only. The only exceptions presented to us as erroneous by the learned counsel for the appellant in his brief and orally are the exception to the denial of the motion to dismiss at the close of the plaintiff's case, and another to the admission of evidence. Although in the making up of the case and exceptions the former was inserted it cannot be considered, the defendant having thereafter put in evidence. It is a vain thing for counsel for the defendant to take an exception to the denial of a motion to dismiss at the close of the plaintiff's case unless it is his intention not to put in any evidence. Indeed, the taking of such an exception should mean to the trial judge that the defendant rests upon the evidence for the plaintiff. To take it, and then proceed to put in evidence for the defendant, are inconsistent things, as the putting in of such evidence is a waiver of the exception.
The exception to the admission of evidence of a previous accident or injury to another person was good. The growing notion that evidence of a previous accident at the same place may be given on general principles to show liability is erroneous. The use made of such evidence by counsel for the plaintiff is disastrous to the defendant, even though it proves no dereliction of the defendant. It is not enough that a thing is dangerous; it has to be obviously dangerous, or else dangerous to the knowledge of the defendant, to create liability. Evidence of such previous accidents is only permissible to prove notice to the defendant that the place is dangerous, as shown by the event, so as to predicate negligence on his failure to remove the