In the Matter of the Judicial Settlement of Account of Proceedings of AUGUST B. HARLFINGER, as Executor of the Last Will and Testament of MARY M. HUMPHRIES, Deceased.

Surrogate's Court, Albany County, May 12, 1925.

**Executors and administrators** — claim against estate arising from board and care of testatrix at Schenectady County Hospital — decedent admitted to hospital in absence of application for relief under Poor Law, § 20, upon agreement of nephew to pay therefor — county superintendent of poor, notwithstanding refusal of nephew to pay for care of decedent, and with knowledge of fact that decedent was not indigent person, continued to care for her — Poor Law, § 57, permitting actions by poor authorities to recover expenditures from persons who have concealed or misrepresented means of support, must be read in connection with Poor Law, § 20, requiring application for relief — decedent's estate not liable under Poor Law, § 57.

A claim against a decedent's estate for board and care furnished said decedent by the superintendent of the poor of Schenectady county at the Schenectady County Hospital, under an agreement, subsequently repudiated, by decedent's nephew to pay therefor, should be disallowed, where it appears that the decedent, who was not an object of charity, was admitted to the institution without a commitment or an order directing or permitting her admission thereto, since, within the provisions of section 20 of the Poor Law, the superintendent of the poor, in the absence of an application for relief and an order directing the admission of the person designated therein to said institution, was neither authorized nor bound to receive decedent, particularly where said superintendent had knowledge that decedent had ample funds for her own support.

Nor is said estate liable under section 57 of the Poor Law, which permits reimbursement for expenditures where a person or his estate has concealed or misrepresented means of support, for decedent did not contract with the county, refused to recognize any obligation to it, and at the time her nephew withdrew his support said superintendent had knowledge of the existence of decedent's bank book which decedent made no effort to conceal.

Moreover, section 57 of the Poor Law cannot be made a basis for reimbursement, since it must be read in connection with section 20 of the said statute, which requires that an application for the support of an indigent person must be made before said person is admitted to such an institution.

PROCEEDING on judicial settlement of account of executor.

*Thomas F. McDermott*, for the executor.

*Walter F. Wellman*, for the superintendent of the poor of Schenectady county.

LAWYER, S.:

Involved in this proceeding is the contested claim of the county of Schenectady for the sum of $899.80.

The consideration of the claim is alleged to be board and care furnished the decedent, Mary M. Humphries, at the county hospital of Schenectady county, between the 14th day of October, 1919, and the 23d day of October, 1922, at the rate of six dollars per week.

On the 14th day of October, 1919, the testatrix was placed in the Schenectady County Hospital for observation by Charles Humphries, her nephew, who, at that time, agreed to pay the county for her care and support. Examination was made promptly to ascertain the mental capacity of testatrix and she was found to be of sound mind and during all the period covered by the claim her mental capacity is not disputed.

It is conceded that there was no commitment or order directing or permitting her admission to the hospital for any purpose.

Pursuant to agreement between the county and Charles Humphries, he afterward paid the county, on account, the sum of twenty-five dollars.

A reason for the agreement of Charles Humphries to assume payment of the board and care of testatrix is found in the fact that some time before, testatrix had given Humphries the sum of $2,600, under his promise to support and maintain her at his home. With the money Humphries purchased real property, and in June, 1920, after testatrix had been taken to the hospital, an action was commenced by testatrix against Humphries to impress upon the property an equitable lien by reason of his breach of contract in failing to provide for her at his home. The action was settled September 8, 1920, by Humphries paying the sum of $1,500, at which time he notified the superintendent of the hospital that he would no longer be responsible for the support of testatrix, who had then been at the hospital for a period of thirty-five weeks.

At about the same time a bank book belonging to testatrix was delivered to the superintendent, showing deposit of over $1,000.

The superintendent admits that he knew testatrix had means of support.

Under the statute the superintendent was not obligated or authorized to receive testatrix without an order directing her admission, and before such order should issue there should have been made an application for relief. (Poor Law, § 20.)

It was not the duty of the superintendent to receive a person as a pay patient. An almshouse is not intended as a place of profit or a dispensary of care at cost. The purpose of such an institution is charitable, and to accept care does not raise a presumption of repayment. (*City of Albany* v. *McNamara*, 117 N. Y. 168, 173; *Matter of Carroll*, 55 Misc. 496; affd., 127 App. Div. 932.)

It is intended that an examination be made by the authorities into the circumstances of objects of charity. If investigation does not show that they belong to the class entitled to aid, it is their duty to deny it.

From confinement in an almshouse dependency and charity are inferred.

After Humphries had declined to be responsible for her support and after the superintendent had knowledge that testatrix was not a poor person, the county continued to harbor her.

On the part of claimant, it is urged that the county is entitled to reimbursement by provision of section 57 of the Poor Law, enacted in 1901.

Formerly there was no authority for overseers or county superintendents to maintain an action in any case against any individual to recover money expended by them for support of the poor. (*Norton* v. *Rhodes*, 18 Barb. 100.) Such authority is now granted by statute.

" If it shall at any time be ascertained that any person, who has been assisted by or received support from any town, city or county, has real or personal property, or if any such person shall die, leaving real or personal property, an action may be maintained in any court of competent jurisdiction, by the overseer of the poor of the town or city, or the superintendent of the poor of any county, which has furnished or provided such assistance or support, or any part thereof, against such person or his or her estate, to recover such sums of money as may have been expended by their town, city or county in the assistance and support of such person during the period of ten years next preceding such discovery or death." (Poor Law, § 57.)

By this statute the Legislature intended to afford the poor authorities an opportunity to recover expenditures from a person who had concealed or misrepresented means of support and necessities.

Section 57 must be considered in connection with section 20, which requires application for support to be made, and cannot be the basis of recovery where a county, without application and voluntarily, gives aid to a person, especially where the county knew at the time the aid was given that the recipient was not a poor person.

It is admitted that testatrix did not contract with the county and that she refused to recognize any obligation to it. Notwithstanding the fact that testatrix made no payments, no effort was made by the county to enforce its demands during her lifetime, although a period of more than two years elapsed from the time Humphries withdrew his support to the decease of testatrix.

When Humphries notified the county that his obligation had ceased, there had already accrued an indebtedness of $276, of which he paid the sum of $25. Certainly the county had its remedy against Humphries to recover the balance then due.

Payment was not enforced and the county now charges the estate with the full amount, less Humphries' payment of twenty-five dollars.

The language of the statute imports that it is the discovery of concealed assets that supports an action to enforce such a claim. The assets of testatrix were not concealed from the county superintendent. He had the evidence of her bank account in his possession from the time Charles Humphries withdrew his assistance.

The mere fact that the county extended and the testatrix received care and support does not of itself predicate a liability against the estate.

Claim is disallowed.

Decreed accordingly. _____