## In the Matter of the Estate of GENEVIEVE L. THOMAS, Deceased.

Surrogate's Court, Oneida County, October 3, 1928.

**Executors and administrators — claim under Poor Law, § 57, for expense of treatment of testatrix as poor person disallowed — testatrix did not conceal ownership of property nor apply for relief under Poor Law, § 20.**

The claim by a county hospital for the expense of treatment of testatrix as a poor person under section 57 of the Poor Law should be disallowed, since it appears that although the testatrix owned real property there is no proof that she concealed said property or deceived the overseer of the poor in any way into believing that she was destitute. There is no evidence that the testatrix made any application to the poor authorities under section 20 of the Poor Law. An investigation as provided by said section would have disclosed the fact that the testatrix was not a poor person within the meaning of the statute.

CLAIM by county hospital for expense of treatment of testatrix as poor person.

*D. F. Searle*, for the executor.

*Robert L. Bartlett, Superintendent of Oneida County Hospital*, claimant in person.

EVANS, S. The Oneida County Hospital presented a claim against this estate amounting to fifty dollars and thirty-four cents that was rejected by the executor.

Proof was submitted in this court on the judicial settlement. The facts are not in dispute and the question to be determined is one of law.

The testatrix lived in the town of Westmoreland and was committed as a poor person to the Oneida County Hospital on August 24, 1925, where she received maintenance and treatment until September 21, 1925, a period of twenty-nine days. Miss Thomas was at the time the owner of sixteen acres of land with a house and barn thereon. This property was assessed in her name at $1,800 and is located in the town of Westmoreland. There is no evidence of the fact but the inference is that she was an old resident of the town. There is no proof that the testatrix concealed property or deceived the overseer of the poor in any way into believing that she was destitute. In fact her ownership of the property described was a matter of public record and passed under her will.

This situation then presents the question whether under the circumstances the county may recover the amount of its claim against this estate. Section 20 of the Poor Law provides: "When any person shall apply for relief to an overseer of the poor, in

a county having an alms-house, such overseer shall inquire into the state and circumstances of the applicant; and if it shall appear that he is a poor person, and requires permanent relief and support, and can be safely removed, the overseer shall, by written order, cause such poor person to be removed to the county alms-house, or to be relieved and provided for, as the necessities of the applicant may require."

There is no evidence here that the testatrix made any personal application to the poor authorities of the town of Westmoreland for relief.

In any event an investigation as provided by the section quoted would have disclosed the fact that the testatrix was not a poor person within the meaning of the law, and, therefore, not entitled to relief. In the absence of misrepresentation or concealment of property, a person duly committed to an almshouse is a charity case and raises no implied promise of repayment by the person benefited.

Section 57 of the Poor Law provides: " If it shall at any time be ascertained that any person, who has been assisted by or received support from any town, city or county, has real or personal property, or if any such person shall die, leaving real or personal property, an action may be maintained in any court of competent jurisdiction, by the overseer of the poor of the town or city, or the superintendent of the poor of any county which has furnished or provided such assistance or support, or any part thereof, against such person or his or her estate, to recover such sums of money as may have been expended by their town, city or county in the assistance and support of such person during the period of ten years next preceding such discovery or death."

The fundamental purpose of an almshouse or county hospital is for the maintenance and treatment of poor persons and no others.

Section 57 of the Poor Law very properly provides a remedy for persons who are improperly committed by reason of owning property. It is the ownership of property coupled with concealment or misrepresentation on the part of the alleged poor person that makes section 57 applicable.

The right to reimbursement under the circumstances shown in this case is denied in the cases of *City of Albany* v. *McNamara* (117 N. Y. 168) and *Matter of Humphries* (125 Misc. 62).

The authorities in charge of the Oneida County Hospital acted in good faith and are not chargeable with any lack of official vigilance, but the error lies in the original act of committing the testatrix from the town of Westmoreland.

The claim is disallowed.

Decreed accordingly.