WILLIAM HODSON, as Commissioner of Public Welfare of New York City, Plaintiff, *v.* ROSE E. GRUMLICH and Others, Defendants.

Municipal Court of New York, Borough of Brooklyn, First District, May 17, 1935.

*Paul Windels, Corporation Counsel* [*Paul E. Fusco* of counsel], for the plaintiff.

*Menden & Mann* [*Oscar S. Mann* of counsel], for the defendants.

WECHT, J. The corporation counsel is suing the defendant Rose E. Grumlich under the authority of sections 125 and 128 of the Public Welfare Law. It appears that relief was granted to the defendant's mother in the sum of $540 from October 1, 1931, to March 1, 1933, and to the defendant's father in the sum of $510 from October 1, 1931, to February 1, 1933.

It also appears that the defendant's mother during her lifetime had a bank account in trust for the defendant. That after the death of the defendant's mother, the proceeds of the said account, in the sum of $1,836, were paid over to the said defendant. The defendant was also possessed of certain real property created by a conveyance made on August 3, 1927, to the defendant and her husband, thus creating a tenancy by the entirety, and that the defendant was still so possessed of the real property at the time of the commencement of this action.

It was also shown that the sum of $1,836, so received by the defendant, had been disbursed, and that in the accounting had in the Surrogate's Court of Richmond county, where the proceedings were pending, the objections filed by the commissioner of public welfare were overruled and the defendant was not surcharged with any amounts expended; and that the defendant, at the time of the commencement of this action, did not have possession of any moneys out of the said sum of $1,836.

In submitting proof of the value of the property owned by the defendant, the plaintiff showed by a city tax assessor that the property was assessed for the sum of $4,700 for taxation purposes.

The plaintiff has commenced two actions, which, in this decision, will be treated as one.

Sections 125 and 128 of the Public Welfare Law read as follows:

" § 125. Liability of relatives to support. The husband, wife, father, mother, grandparent, child or grandchild of a recipient of public relief or of a person liable to become in need of public relief shall, if of sufficient ability, be responsible for the support of such person. Step-parents shall in like manner be responsible for the support of minor step-children."

" § 128. Recovery from a person discovered to have property. A public welfare official may bring action against a person discovered to have real or personal property, or against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received relief and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such relief. Any public relief received by such person shall constitute an implied contract."

Both the attorneys for the plaintiff and for the defendant seem to labor under the misapprehension that sections 125 and 128 are corelated. The contention of the plaintiff is that if property is discovered in the defendant, under section 128, a sufficient ability, as set forth as a requirement under section 125, is shown and recovery should be allowed on that assumption.

The defendant's contention is that it is the burden of the plaintiff to prove sufficient ability and that the mere possession and ownership of real property does not show sufficient ability to pay.

I cannot agree with either contention. I hold that the remedy provided in section 125 is independent of the remedies provided in section 128, and that the prerequisites for bringing suit under the first section have nothing to do with the requirements for bringing suit under the second section.

It is apparent from the reading of both sections that section 125 applies where a person refuses to support a dependent, where such person is able to do so. In that case a proceeding may be brought to compel such support, and in that proceeding proof must be shown of sufficient ability to undertake such support. An example of the proceeding under that section would be where a son has an earning capacity of $100 per week and refuses to support an indigent father. A proper proceeding may then be brought to compel such support. In that proceeding the mere proof of the earning capacity of the son would be sufficient for an order to issue compelling the son to support such parent.

On the other hand, section 128 relates only to cases where support by the city has already been given, and the city can then only recover where, as the section specifically states, the person who was originally liable for such support is discovered to have real or personal property. In that event, the section definitely limits recovery up to the sum of the value of such property discovered, not exceeding the cost of the relief paid by the city.

Thus, if we take the example of the son with an earning capacity of $100 per week, where such earning capacity is first developed after the payment of the relief by the city, the city could not recover the amount paid, from such son, by reason of the fact that such recovery could only be had under section 128, and the mere earning capacity does not prove the possession of any real or personal property.

The case at bar, therefore, must proceed under section 128, and I believe that under that section the city has a good cause of action to recover from the defendant the amount of the relief paid by the city up to the value of the property owned by the defendant, irrespective of any proof of sufficient ability under the requirements of section 125.

The plaintiff, however, has failed to prove its cause of action by reason of the fact that no competent proof has been adduced to permit this court to make a finding of the value of the property owned by the defendant. The court cannot take into consideration the sum of $1,836 originally received by the defendant. This

money had been expended, an accounting was duly filed and passed upon by the surrogate who had jurisdiction of the matter, and no part of this money was in the possession of the defendant at the time this action was brought.

The corporation counsel complains that the defendant should not have paid this money to other creditors or other claims of the estate without first paying the city its share, or at least its proportionate share. While this argument may be of value in a court of bankruptcy, or in an action brought under the appropriate sections of the Debtor and Creditor Law, it must fail here as we are dealing strictly with section 128 of the Public Welfare Law.

The only other property, therefore, that the defendant has is the interest in the tenancy by the entirety created by the conveyance above set forth. While there is no doubt that such a tenancy has value, such value must be proven. The mere testimony as to the appraised value of the entire parcel, or for that matter the actual value of the entire parcel, can give the court no basis for computing the value of the interest of the defendant in such parcel. It must be borne in mind that upon the death of the defendant the fee of the parcel would vest in the husband; that all the defendant really owns is a legal life estate in the property in question in common with the husband, and there merely vests in the defendant wife a remainder in the whole property subject to be divested by her death prior to the death of her husband. This element must reduce the value of the interest of the wife considerably.

The court is not competent to judge the value of such an interest without proper and expert testimony to help it. The court cannot guess at the value of this interest. Since no proof was adduced to assist the court in ascertaining " the value of such property," up to which value the plaintiff may recover, and since the court cannot determine whether such value would be more or less than " the cost of such relief," without such proof, judgment must be rendered in favor of the defendant Rose E. Grumlich, dismissing the complaint after trial on the merits.