HAROLD S. TOLLEY, Commissioner of Public Welfare of the City of Binghamton, New York, Plaintiff, *v.* MARY KLINCHOK MALISWASKI, Also Known as MARY KLINCHOK MALINOSKI, MARY KLINCHOK MALINCKI and MARY KLINCHOK, Defendant.

Supreme Court, Trial and Special Term, Broome County, April 21, 1936.

*James A. Cusick, Assistant Corporation Counsel,* for the plaintiff.

*Roy M. Page,* for the defendant.

PERSONIUS, J.   At the close of the plaintiff's evidence the defendant moved for a dismissal of the complaint and a nonsuit; at the close of all of the evidence the defendant and the plaintiff each moved for a directed verdict. Decision of these motions was reserved by consent. The jury rendered a verdict for the plaintiff in the sum of $1,275. The defendant moved to set aside this verdict and for a new trial. Decision was again reserved and briefs submitted.

The action is brought under section 128 of the Public Welfare Law which provides: " A public welfare official may bring action against a person discovered to have real or personal property * * * if such person, *or any one for whose support he is or was liable,* received relief and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such relief. Any public relief received by such person shall constitute an implied contract." (Italics ours.)

Section 125 of the Public Welfare Law determines the persons responsible for the support of a needy person. It provides in part: "The * * * mother * * * of a recipient of public relief * * * shall, *if of sufficient ability*, be responsible for the support of such person." (Italics ours.)

The defendant is the mother of four infant children. In 1925 they were taken from her and placed in a home on the ground of improper guardianship. The city has supported said children at an expense of over $14,000. In the meantime the defendant was employed as a maid and at domestic service. She is a foreigner, uneducated, but apparently has been industrious and thrifty. About September, 1932, she applied for relief and personally received $51.05. It was then discovered that the defendant had a substantial bank account. At the time of the trial her balance was $4,253.19.

The defendant conceded plaintiff's right to recover the $51.05 but contends that she is not liable for any part of the relief expended for her children.

The plaintiff is a public welfare official. The defendant is a person discovered to have personal property. Her children have received relief during the past ten years. Are they persons " for whose support [defendant] is or was liable? " (§ 128.) This, it seems to us, is the only question in the case.

It has been held that the remedy under section 125 is not dependent on the remedy under section 128 and " that the prerequisites for bringing suit under the first section have nothing to do with the requirements for bringing suit under the second section." (*Hodson* v. *Grumlich*, 156 Misc. 199, 201.) With this we agree generally but we think reference must be had to section 125 in order to determine whether a person who has received relief is one " for whose support [the defendant] is or was liable." In other words, section 125 provides who shall be responsible for another's support and when they shall be responsible. A mother shall be responsible for the support of her children " if of sufficient ability." Therefore, in order to determine whether this defendant " is or was liable " for the support of her children, we must inquire whether she was " of sufficient ability " to do so.

This question was submitted to the jury. The jury was told that " if this defendant, during all or part of the last ten years during which the city has supported these children, was of sufficient ability to support them, in whole or in part, then the plaintiff can recover." Again: " Sufficient ability to support them in this case refers to the defendant's ability during the term that the children were being supported by the city. It does not refer

entirely to the present situation, but during the years, particularly during the years from 1932 when these resources were discovered down to the time this action was started in 1934." And again: " It [the city] is entitled to recover whatever amount she should have contributed along, whatever amount she was able to contribute along at that time. The amount cannot, of course, exceed the amount which she had."

The jury found a verdict for $1,275, apparently finding that the defendant was of sufficient ability to have contributed that amount.

There was evidence from which the jury might have found that the defendant is not *now* of sufficient ability to earn a livelihood and the defendant's attorney argues that if she is not *now* of sufficient ability to contribute to the support of these children, she is not liable here. We cannot agree with this contention. The statute applies if any one for whose support she " is or was liable, received relief," etc. As we interpret the statute, if a person receives relief during a period when another person liable for the former's support was of sufficient ability to have contributed, the public welfare official may recover. If the defendant was of sufficient ability and should have contributed during these years, when she was accumulating this deposit, is she relieved by reason of the fact, if it be a fact, that she does not now have that ability? If this be the intent of the Legislature, we think it should so provide.

At common law and under section 57 of the Poor Law (repealed by chapter 565 of the Laws of 1929, which enacted the Public Welfare Law) it seems to have been held that before a municipality which had furnished relief could recover, it must appear that the relief had been expressly requested or that some fraud or concealment had been practiced upon the welfare officers. (*City of Albany* v. *McNamara*, 117 N. Y. 168; *Matter of Carroll*, 55 Misc. 496; *Matter of Humphries*, 125 id. 62, 64; *Matter of Thomas*, 132 id. 842.) These cases seem to require concealment, fraud or express request as the basis for an implied contract to repay, but section 128 of the Welfare Law provides that " any public relief received  *  *  * shall constitute an implied contract." These cases are, therefore, no longer controlling. (*Matter of Black*, 150 Misc. 433, 435; *Matter of Garrett*, 144 id. 916, 918; *Hodson* v. *Grumlich, supra*.) While in the last case the plaintiff was denied recovery, such denial was upon the ground that no competent proof had been adduced from which the court could find the value of the defendant's property.

We think it is immaterial that these children were taken from the defendant without her consent. Liability no longer depends upon such consent. Receiving relief constitutes the implied contract.

We are not concerned with the propriety of the taking of these children from the defendant. That was the act of the Broome County Children's Court. Suppose a person abundantly able to support his children should, by his conduct and treatment of them, compel the authorities to remove them from his custody, does he thereby escape the obligation to support them? Is he absolved from liability in an action of this nature? We think not.

The motions are denied with exceptions to the moving party. Submit order accordingly.