In the Matter of the Estate of ALICE E. McCHESNEY, Deceased.

Surrogate's Court, Saratoga County, December 15, 1941.

*William Rooney*, for Ethel Myers and Clarence E. McChesney, as executors, etc.

*Francis E. Dorsey*, special guardian, in person.

*John J. Bennett, Jr., Attorney-General* [*David Moses* of counsel], for the Superintendent of the Utica State Hospital.

TUCK, S. In this judicial settlement proceeding it appears that Hattie Hammond and Edna Leverance, daughters of Alice E. McChesney, deceased, are and have been for some years past patients at Utica State Hospital.

The daughters above mentioned of the decedent are adults and both are married. Hattie Hammond has one child, Edna H. Hammond, who is an adult, and Edna Leverance has a daughter, Betty Leverance, who is a minor.

Neither husband is, so far as the facts appear, of sufficient financial ability to compensate the State for hospital expenses, and neither of the incompetent persons possessed separate estates from which such maintenance could be collected.

The Department of Mental Hygiene presented to the executor, Clarence E. McChesney, a claim for care, treatment and maintenance of Edna Leverance for 1,741 days at $2 a day, totalling $3,482, and a like claim for Hattie Hammond for 2,191 days at the same rate, totaling $4,382. The executors rejected these claims but later made a settlement with the Department of Mental Hygiene for $1,741 in each case.

Upon this accounting the executors have raised the question whether the distributive shares bequeathed to these incompetent

daughters should not be surcharged with the payments made out of the decedent's estate for them. It is the opinion of this court that the shares of the incompetent daughters cannot be surcharged.

The will gives to each of the children of deceased an equal part or share of the decedent's property, real and personal. There were six children.

As to the share of Hattie Hammond, it is provided that the same be held in trust for her by the executors so long as she shall be a patient at any hospital or institution, and for so long as, in their judgment, they deem it to be for her best interest, and directing that they pay over to her from time to time any income from such share, except, in their discretion, they shall have the right to pay the said income to her child, Edna H. Hammond, for her benefit, and, in the further discretion of said executors, that they may also use and/or pay over to said Edna H. Hammond so much of the principal of said share as they may deem proper, and, further, the will provides that in the event of the death of Hattie Hammond said trustee shall continue to hold for the benefit of her daughter, Edna H. Hammond, and pay over to her the income therefrom for her benefit and/or so much of the principal as they deem proper in their discretion, or they may hold the same until she arrives at the age of twenty-one years, when the whole shall be paid over to her.

A like provision is made for the benefit of Edna Leverance with a like remainder to her daughter, Betty Leverance.

The provisions of the will hereinbefore set out make it evident that there is not a share or fund which can be surcharged.

A further reason why the shares of these incompetents cannot be surcharged is that, pursuant to section 24-a of the Mental Hygiene Law, the charge for maintenance at the State institution of said incompetents became a charge against the mother and her estate, and is a claim to be paid in the same manner as any other claim is required to be satisfied out of the estate before distributive shares are ascertained.

The liability for the support of adult incompetent persons, inmates of a State institution, by the father, mother, husband, wife and child of such person is an obligation in excess of any that was fixed by common law, and even though the person against whom the obligation is sought to be charged was not of sufficient ability to meet such charge during life but at the time of death left an estate sufficient to pay such charge in whole or in part, the estate becomes liable. (*Matter of Wright*, 172 Misc. 215; *Matter of Wesley*, 156 App. Div. 403, 405.)

Upon examining the authorities submitted to the court it appears that in *Matter of Fox* (250 App. Div. 31) it was held that the husband of an incompetent person, who was committed to a State institution, was required to provide for her maintenance there even though the incompetent wife had a separate estate of her own, and, further, that the estate of the husband should be surcharged with expenditures made for board and maintenance out of the estate of the incompetent even though such expenditures were ordered by the court which made the commitment of the incompetent to the State institution.

The court held that the liability of the husband was a common-law liability and the order of the court directing the support and maintenance of the incompetent out of the estate does not relieve the husband of liability since it does not purport to pass on the question of the husband's liability over to the committee.

*Matter of May* (255 App. Div. 31) is not in point. Here a claim was made by the estate of a deceased brother for advances made by him for the support of his sister, an incompetent person, who was maintained outside of a State institution. The claim was made against the estate of the mother of the incompetent.

Section 80 of the Mental Hygiene Law applied in that case and the real question at issue was, whether the six- or ten-year Statute of Limitations applied. If the claim rested upon contract it was barred by the six-year Statute of Limitations. Claimant insisted that the claim was in its nature, and that the ten-year Statute of Limitations applied.

The court held that to sustain such an equitable claim it must appear that the moneys were advanced by the brother to discharge a common-law or statutory duty resting upon the mother and that the mother was not under a duty at common law to support the adult incompetent daughter; that her duty, if any, must be found in the statute, and since she was not a patient in an institution and had an estate of her own, no duty of support rested upon the mother either at common law or by statute. Consequently the claim was not equitable in its nature, and was barred by the six-year Statute of Limitations.

Submit decree accordingly.