In the Matter of the Accounting of AMELIA MORRISSEY, as Administratrix of the Estate of JOHN E. MORRISSEY, Deceased, Petitioner.

Surrogate's Court, Westchester County, June 29, 1944.

*Morris Golub* for petitioner.

*William A. Davidson, County Attorney,* for Ruth Taylor, as Commissioner of Public Welfare of the Westchester County Public Welfare District, claimant.

*Century Indemnity Company,* surety in person.

GRIFFITHS, S.  In this accounting proceeding the sole issue presented for determination relates to a claim made against the estate by the Commissioner of Public Welfare of Westchester County.

The decedent, a youth of twenty years, was lost at sea on April 9, 1942, while engaged in merchant marine service. He was unmarried and letters of administration were therefore duly issued to his mother, the petitioner herein.

During the period from June, 1939, to August, 1940, public assistance amounting to the sum of $353.50 was given to the mother of the decedent.  The Commissioner of Public Welfare seeks to recover said sum from the estate of the decedent pursuant to the provisions of section 104 of the Social Welfare Law (formerly section 128 of the Public Welfare Law).  Said section must be read in conjunction with section 101 of the same law (formerly Public Welfare Law, § 125).  (*Tolley* v. *Maliswaski,* 159 Misc. 89.)  Although a right of recovery from a person other than the recipient of public aid is granted under section 104 of the Social Welfare Law, such right is dependent upon the liability of such person for the support of the recipient of such aid.  That liability is fixed and determined under the provisions of section 101 of said law.  It follows that as a pre-

requisite of recovery, the decedent herein must be shown to have been liable for the support of his mother, the petitioner herein.

Under the common law, no duty rests upon a child to support his parent. (*Ulrich* v. *Ulrich*, 136 N. Y. 120, 123; *Matter of Salm*, 171 Misc. 367, affd. 258 App. Div. 875.) Since the statutory provisions of section 101 of the Social Welfare Law are in derogation of the common law in that respect, such section should be strictly construed. (*People* [*Complaint of Coleman*] v. *Fermoile*, 236 App. Div. 388.) It will be noted that under said section, a child shall be responsible for the support of his parent only if he is of sufficient ability to render such assistance. Furthermore, it must be shown that he was of sufficient ability to render such aid at the time when public assistance was given to his parent. (*Hodson* v. *Stapleton*, 248 App. Div. 524.)

The within account indicates that the decedent's estate consisted almost entirely of crew war risk insurance moneys, which became payable on his death. Furthermore, the facts agreed upon by stipulation shed no light whatsoever upon the ability of the infant decedent to support his mother during the period when public assistance was rendered to her. However, it does appear that the decedent was at that time only about seventeen years of age.

Since the record fails to disclose facts necessary to establish the responsibility of the decedent for the support of his mother, the claim must be dismissed.

Settle decree accordingly.