In the Matter of the Accounting of Truman L. Saunders, as Executor of Elizabeth Saunders, Deceased.

Surrogate's Court, New York County, September 11, 1951.

*Albert S. Commette* for executor, petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Norman M. Beck* and *Isadore Siegel* of counsel), for Department of Mental Hygiene of State of New York, respondent.

*Lawrence Silver,* special guardian for Constance Saunders and others, infants, respondents.

FRANKENTHALER, S. The Attorney-General of New York, representing the Department of Mental Hygiene, has objected to the executor's disallowance of the department's claim for $3,054.22 representing the cost of maintaining and caring for decedent's daughter, an incompetent, at the Wassaic State School from January 1, 1942, to July 28, 1949. The incompetent was committed pursuant to an order signed March 2, 1941,

upon petition of her father, decedent's husband and executor. The decedent did not sign the petition. In 1945, 1946 and 1947, statements as to the financial status of the executor and the decedent were requested by mail. These letters were addressed to the executor, who responded thereto, and were not shown to have been received by the decedent. No further inquiry was made of decedent's financial ability nor was any claim for reimbursement filed with her during her lifetime. Moreover, the Commissioner of Mental Hygiene did not fix a rate for the maintenance and care of the incompetent until May 16, 1950, ten months after decedent's death. Decedent's estate is over $12,000 and she left surviving her eight children, two of them minors and two incompetent.

The claim of the Attorney-General is based upon section 24 of the Mental Hygiene Law. Subdivision 2 states that " the husband, wife, father, mother and children of such patient, if such relatives are of sufficient ability, shall also be jointly and severally liable and responsible for such payments [for care, treatment and maintenance] ". If such payment is refused, subdivision 3 empowers the commissioner to institute appropriate proceedings within sections 926-a–926-g of the Code of Criminal Procedure to compel support or to report the refusal to the Department of Law for suit. Subdivision 4 empowers the commissioner to " bring action against a person discovered to have real or personal property or against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if * * * any one for whose support he is or was liable, received care * * * and shall be entitled to recover up to the value of such property the charge for such care ".

The special guardian representing decedent's minor and incompetent children objects to the State's claim on the ground that section 24 requires the State to have filed a claim for reimbursement during decedent's lifetime as a condition of recovery against her estate, and that no such demand was filed. While the court agrees with the special guardian that no demand was made upon decedent during her lifetime, it holds that there is no such requirement in the law (*Matter of Ruderman,* 266 App. Div. 935; *Matter of Mangan,* 83 N. Y. S. 2d 393; cf. *National City Bank of New York* v. *Loewenstein,* 197 Misc. 707. Contra: *Matter of Hessney,* 177 Misc. 781; *Matter of Cross,* 99 Misc. 199; *Matter of Willis,* 94 Misc. 29, affd. 175 App. Div. 933; *Long Is. State Hosp.* v. *Stuart,* 22 Misc. 48). Although the statute is inartistically drawn, subdivision 4 of section 24 contains no

requirement that a demand be made and no such condition can be interpolated.

However, the failure of the State to prove that decedent was "of sufficient ability" during the period that care was rendered to her daughter bars the claim. While subdivision 4 is not qualified by the phrase "of sufficient ability," the courts have held that subdivisions 2 and 4 must be read together and that the State must prove the financial ability of the person sought to be charged at the time care and maintenance were rendered. (*Matter of Bauer*, 266 App. Div. 816, affd. 291 N. Y. 711; see *Matter of Cummings*, 66 N. Y. S. 2d 799. But see *Matter of McChesney*, 177 Misc. 731, 732.) The same conclusion has been reached under the Social Welfare Law whose pertinent provisions are exactly like those of the Mental Hygiene Law (Social Welfare Law, §§ 101, 104; *Hodson* v. *Stapleton*, 248 App. Div. 524; *Tolley* v. *Maliswaski*, 159 Misc. 89; *Matter of Morrissey*, 183 Misc. 530; *Matter of Clairborn*, 51 N. Y. S. 2d 543; see *Fuller* v. *Galeota*, 271 App. Div. 155, 158). As the two statutes are *in pari materia*, they must be construed in the same manner.

There has been no showing that decedent was financially able to support her daughter during the period of the State's claim. The cases hereinbefore cited establish the proposition that possession of funds at death or at the time of suit is insufficient to enable the State to recover in the absence of proof of financial ability at the time assistance was rendered (*Matter of Moore*, 277 App. Div. 471). Nor is there a presumption under section 24 of the Mental Hygiene Law that the person sought to be charged is of sufficient ability. While such a presumption was included in section 926-c of the Code of Criminal Procedure, this is not applicable herein because (a) the State has not availed itself of the procedure therein set forth, and (b) the code explicitly states that the remedies therein provided do not affect any other provisions of the law (Code Crim. Pro., § 926-g).

Hence, the failure of the State to prove that decedent was of sufficient financial ability from January 1, 1942, until her death bars its claim. This conclusion makes it unnecessary for the court to consider the applicability of the Statute of Limitations set forth in subdivision 6 of section 24 and the problem of whether the incompetent's interest in the estate must be exhausted before recourse may be had to the general estate. The difficulties caused by these problems and those discussed in this opinion result largely from inept statutory drafting, and it is to be hoped that the Legislature will see fit to revise these statutes.

Submit decree on notice settling the account.