BERNARD BIENSTOCK et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Motion No. 2943.)

Court of Claims, September 28, 1955.

*David N. Fields* for claimants.

*Jacob K. Javits, Attorney-General* (*Robert L. Horkitz* of counsel), for defendant.

SYLVESTER, J.  Upon this motion for leave to file a claim, the proposed pleading alleges that claimants' daughter was an alien at the time of her admission as a patient to Rockland State Hospital on or about November 24, 1952; that claimants paid in excess of $3,000 for their daughter's maintenance from November 24, 1952, to July 1, 1955, a sum said to have been beyond their ability to pay; it further alleges that the commissioner falsely represented that their daughter would be deemed deportable if payment was not made.*  Relying on the representation, they were required to pay in excess of the $20 per month which, they say, would otherwise have been the cost of care, contending that the measure of payment was circumscribed by their ability to pay at the time care was rendered.  It is true that their daughter was not a deportable alien, a fact later established to the satisfaction of the commissioner.  It is alleged, also, that the payment was made by claimants as a result of mutual mistake of law and fact as to the daughter's deportability.  It is also said that they are persons of modest means and would not, in the absence of the alleged misrepresentation and mutual mistake, have been required to pay the larger amount.  Recovery is sought of the difference approximating $2,000.

This motion for leave to file a claim will be denied if the proposed pleading fails to state a cause of action (*Moufang* v. *State of New York,* 295 N. Y. 121; *Toyos* v. *State of New York,* 181 Misc. 761).

Subdivision 1 of section 24 of the Mental Hygiene Law reads: " The institutions in the department shall be maintained for

---

* The claim of deportability rested upon the assertion that claimants' daughter was alleged to have been mentally ill upon arrival here, when, in fact, she became ill after her entry into this country and was, therefore, not subject to deportation by reason of such illness.

the care and treatment of poor and indigent persons as defined in section two of this chapter. The commissioner may permit persons who are neither poor nor indigent to be maintained and treated in such institutions or in family care, conditioned upon prompt and regular payments for such care, maintenance and treatment in amounts as fixed by the commissioner. In the discretion of the commissioner, the amounts so fixed may be at the reimbursement rates or in excess thereof. The commissioner in his discretion may accept payments for such services at less than the reimbursement rate but the acceptance of payments at less than the reimbursement rate shall not be construed to release the liable parties from liability for payment of the difference between the amount fixed, accepted or paid and the full reimbursement rate.''

It is not claimed that the sum fixed by the commissioner was in excess of the '' reimbursement rate ''. And, while the statute reposes a discretion in the commissioner, among other things, to '' accept  *  *  *  less than the reimbursement rate '', it expressly provides against a release of liability for the difference. In the case at bar, it is this difference that had already been paid to the commissioner, in the first instance, that was required to be paid before the statutory obligation of claimants could be said to have been discharged. If their obligation had not then been discharged, it would have been later enforcible against them by the commissioner, since '' acceptance of payments at less than the reimbursement rate shall not be construed to release the liable parties from liability for payment of the difference between the amount fixed, accepted or paid and the full reimbursement rate.'' Thus, the claimants paid what they were obliged to pay. The allegations of misrepresentation and mutual mistake thereby become totally irrelevant (*Urtz* v. *New York Central & Hudson Riv. R. R. Co.*, 202 N. Y. 170; *Hanlon* v. *Macfadden Publications*, 302 N. Y. 502). In any event, if, as is claimed, the legal measure of monthly payments in discharge of claimants' obligation is to be determined by their financial means at the time of maintenance, a position regarded by the court as untenable, their remedy would seem to lie in another forum where the exercise of the commissioner's discretion would be reviewable (Civ. Prac. Act, art. 78; *Matter of Asker*, 284 App. Div. 712). It may be observed that subdivision 1 of section 24 of the Mental Hygiene Law was amended, effective April, 1952 (L. 1952, ch. 598), to permit recovery by the commissioner of the difference between the amount '' fixed, accepted or paid and the full reimbursement rate '', a provision

absent from the statute when *Matter of Saunders* (201 Misc. 734), cited by claimants, was written, and which, at the time, lent substantial force to claimants' contention.

Since, upon the facts, it is held that no cause of action is pleaded, the motion for leave to file the claim must be denied.