■ BERNARD BIENSTOCK et al., Appellants, v. STATE OF NEW YORK, Respondent. (Motion No. 2943.) — Appeal from an order of the Court of Claims, denying claimants-appellants' motion for leave to file a claim after expiration of the time fixed by statute. The basis given for the denial is that in the proposed claim no cause of action is alleged. The proposed claim alleges that claimants are residents of New York State; that on November 24, 1952 claimants' daughter was admitted to Rockland State Hospital as a mentally ill person and is still confined there; that said daughter was an alien at the time of her admission to the hospital, having entered the United States on May 3, 1951; that from the time of her admission to July 1, 1955 the Depart-

ment of Mental Hygiene charged claimants the maximum sums for said daughter's care and treatment and falsely represented to claimants that their daughter would be subject to deportation unless said maximum sums were paid; that claimants believed said representations and would not have paid the maximum sums except for the representations; that on June 21, 1955, the Immigration and Naturalization Service ruled that the daughter's mental illness did not exist at the time of her entry into this country and that she was not subject to deportation; and that claimants have paid an excess sum for their daughter's care and treatment. A second cause of action alleges that claimants and the Department of Mental Hygiene mistakenly believed that the daughter was deportable or would become deportable if claimants paid the department less than its maximum rate for maintenance of their daughter. The proposed claim demands judgment for all amounts paid in excess of the minimum sums charged by the department. The Mental Hygiene Law provides that State hospitals shall be maintained for the care and treatment of any person who is unable to maintain himself and who has no one legally liable and able to maintain him. (§ 24, subd. 1; § 2, subd. 12.) The law also provides that the Commissioner of Mental Hygiene may permit other persons to be treated in a State hospital " conditioned upon prompt and regular payments for such care, maintenance and treatment in amounts as fixed by the commissioner " which amounts may be at the reimbursement rate, in excess thereof or less than the reimbursement rate. (§ 24, subd. 1.) Claimants do not allege that their daughter was a person unable to maintain herself or that she had no one legally liable and able to maintain her. Consequently, her treatment at the State hospital was " conditioned " upon prompt payment of the amounts fixed by the commissioner. Although the proposed claim speaks of " maximum sums " charged, it is clear from the affidavits that the amount charged by the commissioner was at the reimbursement rate. We cannot conclude that it was wrong for the commissioner to charge the reimbursement rate for this mentally ill alien who had entered this country only 18 months before. Claimants, as parents of the patient, were liable for payment for their daughter's care and treatment (§ 24, subds. 1, 2). They paid the amounts which the commissioner had a legal right to fix and they are not now entitled to recover such amounts and consequently the proposed claim does not state a cause of action. We have examined the contention of appellants regarding a constitutional point and find it without merit. Order unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ. [208 Misc. 574.]