Charles T. Major, J.
This is a motion for an order, pursuant to subdivision 5 of section 10 of the Court of Claims Act, for permission to file a late claim and to dispense with the printing of the claim.
■ Rule 9 of the Rules of the Court of Claims, among other things, provides that the original claim and copies thereof may be either typewritten or printed. The order requested is, therefore, unnecessary.
One of the prime requisites in a motion to file a late 'claim is that the proposed claim alleges a meritorious cause of action against the State. An examination of the proposed claim shows that G-eorge A. Weining, an incompetent person, became a patient at the Rochester State Hospital on November 21, 1958, and is still a patient therein. In November, 1958, the Commissioner of Mental Hygiene issued an order demanding payment from the incompetent or his estate in the sum of $500 per month. The claim further alleges that said order was unlawful and was made without statutory authority, because the determination of the Commissioner was made solely on the basis of the incompetent’s financial ability to pay and not on the cost of care, maintenance and treatment furnished to the incompetent. The claim also alleges that pursuant to the orders and demands by the Commissioner, the claimant, under protest, paid to the State of New York, the sum of $6,166.70 in December, 1959; $500 in January, 1960 and $1,600 in October, 1960, and demands judgment for the total sum of $8,266.70, with interest.
The facts of the incompetent’s confinement and payment of the sums alleged are not in dispute. The only question to be decided is whether the order of the Commissioner was unlawful and without statutory authority. This is purely a question of law.
Under subdivision 1 of section 24 of the Mental Hygiene Law, the Commissioner is given the power and discretion to fix the amounts for maintenance and treatment of patients in institutions in the department at the reimbursement rates or in excess thereof.
The Commissioner having fixed the rates, which were thereafter paid by the incompetent’s committee, this court is without jurisdiction to alter the Commissioner’s decision. Such a remedy *619 would lie in another forum where the decision of the Commissioner would be reviewable. (Bienstock v. State of New York, 208 Misc. 574, affd. 2 A D 2d 735.)
The proposed claim fails to allege a cause of action against the State, and the motion is denied. Submit order.