Jones, J.
Sand and gravel are required as filler for the construction by the State Power Authority of a dam for a power project. This case raises the question whether in this instance the taking by eminent domain of a full fee interest in the property from which the sand and gravel are to be extracted can be justified where it is said that an easement would serve the public purpose as fully. In our judgment this issue cannot be decided on the meager record before us and the case must go to trial,
Appellants (State and Power Authority) appeal, pursuant.to leave granted by the Appellate Division, from an order of that court which modified, on the law and facts, an order of Supreme Court denying the State’s and the Power Authority’s mdtidné td dismiss the cemplaint, and denying respendents’ (Halleck’s and *603 Phillips’) cross motion for summary judgment. The Appellate Division modified by granting the motions to dismiss the complaint as against the two contractors, Perini Corporation and Gordon H. Ball, Inc., and, as so modified, affirmed the order of Supreme Court. The following question was certified: “ Did the Special Term err as a matter of law in failing to grant the motion to dismiss the complaint?”
In the form literally posed the certified question can only be answered in the negative. There is no dispute that, as stated by the Appellate Division, the only question raised on a motion to dismiss in a declaratory judgment action, is whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment. The issue is not whether the movant, here the State and the Power Authority, is entitled to a declaration in its favor. (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, esp. at p. 50.)
We interpret the question certified, however, not in its most strict literal denotation, but1 ‘ in an effort to effectuate the intention of the.Appellate Division to present its decision for review in the Court of Appeals ” (Cohen and Karger, Powers of the New York Court of Appeals [Rev. ed.], § 87, p. 371). In that light we construe the question certified to inquire whether the Special Term erred in its decision that on the record before it there was not an adequate basis for making a declaration in favor of the State and the Power Authority. So understood the question should be answered in the negative.
The Power Authority is engaged in the construction of the Blenheim-Gilboa Pumped Storage Power Project in Schoharie ■ County, and has appropriated some 1,000 acres for that purpose. In the process of construction sand and gravel will be required for use as dam filler.
Hallock and Phillips owned a 67.7-acre tract of land in Schoharie County, located some two miles distant from and constituting no part of the proposed dam site or of the area to be flooded. • The owners had themselves been in the practice of selling sand and gravel extracted from their property.
In January, 1968, the State took soil samples from the property in question, and following analysis advised the owners that the soil on their tract was of superior quality for use as sand and gravel for high-grade dam filler. In 1969 the State, acting *604 on behalf of the Power Authority, appropriated the entire 67.7-acre tract in fee. The owners allege in their complaint—which is to be construed liberally—and in the memorandum in support of its motion to dismiss the Power Authority repeats, that the State intends to use for the dam project only a small portion, perhaps some 300,000 cubic yards, of the 4,300,000 cubic yards of sand and gravel on the property.
By way of an action for a declaratory judgment in Supreme Court the owners sought to challenge in these circumstances the legal right of the State and the Power Authority by eminent domain to take a full fee interest rather than an easement only to extract sand and gravel. No question is raised that the use of the sand and gravel will be for a public purpose. The owners contend rather that it is here proposed to take a greater estate than appropriate for the public use, and that under the circumstances of this factual situation the proposed taking would constitute an illegal and even unconstitutional exercise of the power of eminent domain.
Under subdivision 10 of section 1007 of the Public Authorities Law, ‘‘ The authority may determine what real property is reasonably necessary for the construction or operation of any project ”.
We conclude that the State, as agent for the Power Authority, is a proper party to this action. We also conclude that it cannot be determined, on the complaint and the affidavits in support of the cross motions, that to take a fee interest in all 67.7 acres is permissible to accomplish the conceded public purpose of extracting a limited amount of sand and gravel. We would attach considerable but not necessarily controlling legal significance to a determination by the Power Authority, as delegatee of the Legislature, that a fee taking is here appropriate to the accomplishment of the public objective. Such a conclusion may be demonstrated on trial; it does not appear sufficiently on the record now before us.
. The Power Authority and the State acknowledge that not all of Hallock’s and Phillips ’ real property taken by the appropriation will be utilized for a public use, but assert that the questions of the necessity of appropriating any particular property and the extent of such taking are not subject to judicial review. We cannot agree with any such broad and unlimited assertion. *605 The general principle that there is no right to condemn land in excess of the need for public purposes, and that no more may be taken than is required for the particular public purpose, applies not only as to the volume of land to be taken,[1] but as well to the nature or extent of the estate in the property taken. In general there may not be the acquisition of a fee when only an easement is required. (Cf. Matter of City of New York, 174 N. Y. 26; see Sixth Ave. R. R. Co. v. Kerr, 72 N. Y. 330, 332; 2A Nichols, Eminent Domain, § 7.223, subd. [1], p. 7-63; Ann., 6 ALR 3d 297, esp. § 5, at p. 308.)
We note in particular that the statute, under which the State would carry out the Authority’s determination as to what real property is reasonably necessary for the project, explicitly authorized the acquisition of “ interests in such property less than full title, such as easements ”. (Highway Law, § 30, subd. 2.) In the face of this statutory language there must be a determination whether the taking of a fee title was authorized under section 1007 (subd. 10) of the Public Authorities Law and section 30 (subd. 2) of the Highway Law.
We do not find the cases relied on by the State and the Power Authority controlling, at least at the present' stage of this 'litigation. We note that in Sweet v. Buffalo, N. Y. & Phila. Ry. Co. (79 N. Y. 293) the court found that there had been a specific legislative determination that a full fee title was appropriate for the erection and maintenance of a seawall breakwater to protect the City of Buffalo from the waters of Lake Erie. Under the factual showing in that case such determination was not set aside as unreasonable. Kaskel v. Impellitteri (306 N. Y. 73) raised a factual issue as to whether the volume of land there challenged was appropriately taken and whether the taking was indeed for slum clearance; no issue was posed as to the extent of the estate in the land to be taken.
We express no view whether justification may be demonstrated on trial for the acquisition of the full fee interest in all 67.7 acres of property when opportunity has been accorded the parties to *606 develop all aspects of physical geography, of operational considerations and of economics, together with other relevant data. We do say, however, that such justification has not been demonstrated sufficiently on the record now before us.
The order of the Appellate Division is affirmed and the certified question answered in the negative.

. (Matter of City of Syracuse v. Eastman, 230 App. Div. 522; Matter of Albany St., 11 Wend. 149; Bennett v. Boyle, 40 Barb. 551; see Matter of Mayo v. Windels, 255 App. Div. 22, at p. 27, affd. 281 N. Y. 837; Onondaga Water Serv. Corp. v. Crown Mills, 132 Misc. 843, at p. 855; Ann., 6 ALR 3d 297; 19 N. Y. Jur., Eminent Domain, § 62, p. 260.)