In the Matter of the Estate of CARMELA BENINGASO, Deceased.

Surrogate's Court, Westchester County, April 21, 1937.

*Sylvester W. Del Bello,* for Vincent Beningaso and Charles Azzara, as executors, etc.

*William A. Davidson [John M. Krug* of counsel], for the claimant, Raymond C. Martin, special guardian.

SHEILS, S.   Objections to the account were filed by the division of old age relief of the county of Westchester upon the following grounds:

(1) That Schedule " A-1 " of the account shows no sale or disposition of any property as set forth in Schedule " A " thereof;

(2) That Schedule " B " of the account of proceedings shows the sale of two lots on Frederick place, Yonkers, N. Y., for the sum of $400, with an appraised value as set forth in Schedule " A " of $500, making a net loss of $100, whereas the executor should have accounted for the purchase price, namely, $400, and not for the alleged net loss;

(3) That Schedule " E " of the account of proceedings shows payment of moneys to various beneficiaries of the estate prior to an accounting and prior to the time within which claims might be presented;

(4) That Schedule " G " of the account of proceedings shows an incorrect computation or calculation of commissions;

(5) That the executors had no right or authority to pay out any funds belonging to the estate until the period during which claims might be submitted had expired; that the county of Westchester filed a claim on or about the 7th day of August, 1935, within the time allowed by law, and that the executors and the beneficiary must be charged with an amount sufficient to pay the said claim of the county of Westchester.

Objection 1 is sustained. The account of proceedings is directed to be amended to show the sale of the property belonging to this estate.

Objection 2 is overruled and dismissed. The executors have correctly charged themselves in Schedule " A " with the appraised value of the property and in Schedule " B " with the loss upon the sale thereof.

Objection 3 is sustained for the reasons hereinafter stated.

Objection 4 is sustained. In the court's discretion no commissions will be allowed to the accounting executors.

Objection 5 is sustained.

The decedent died on May 8, 1935, leaving a will admitted to probate on May 21, 1935. Letters testamentary were issued on May 21, 1935, to Vincent Beningaso and Charles Azzara, the executors named in the will. The distributees are Vincent Beningaso, Attilio Beningaso, Albuino Beningaso, Caterina Mosca and Anna Azzara, children of the decedent. The gross assets of the estate consisted of three parcels of real property in Yonkers, N. Y., one of which was improved property known as 147 Willow street, Yonkers, N. Y., in which the decedent had an equity of $2,500, and the other two parcels were unimproved lots appraised at $500, and three policies of insurance in the Metropolitan Life Insurance Company amounting to $350, making in all the sum of $3,350.

No statutory notice to present claims was published. Soon after their appointment the executors liquidated the assets and, on July 5, 1935, and August 5, 1935, made distribution to the various legatees as follows:

| | |
|---|---|
| Vincent Beningaso | $267 50 |
| Albuino Beningaso | 267 50 |
| Caterina Mosca | 267 50 |
| Attilio Beningaso | 267 50 |

Pursuant to an alleged agreement between all the legatees, the share of Anna Azzara, the other legatee, was to be applied on account

of an alleged indebtedness owing to the decedent by her husband, Charles Azzara, one of the executors, now deceased.

Charles Azzara died intestate on April 22, 1936, and this accounting is made by Vincent Beningaso, the surviving executor.

On or about August 7, 1935, the department of public welfare, acting by Ann Goericke, supervisor of old age relief, filed a claim against this estate for $950.12, with interest from May 8, 1935, for old age relief furnished the decedent from June 1, 1931, to May 8, 1935, inclusive. It will be noted that a month prior to the filing of the claim the executors had made a partial distribution to the legatees. The claim of the department of public welfare was rejected by the executors on or about September 17, 1935.

On or about September 27, 1930, the decedent applied to the bureau of old age relief, department of public welfare of the county of Westchester, for old age relief. After the usual investigation of the financial circumstances of the applicant and her children, the application was granted on or about June 1, 1931, and payments were made to her as follows: 1931, $99; 1932, $225; 1933, $248; 1934, $271.50; 1935, $106.62, making a total of $950.12. The applicant died May 8, 1935. The decedent had signed the usual application blank provided by the welfare department which, among other things, contained the following statement: " I am now unable to support myself (wholly or in part)." These facts are not disputed.

It is conceded by the accounting executor that, at the time of making and filing the application and at all times subsequent thereto, the decedent had an interest in the aforementioned real estate and the deeds therefor were on record in the office of the register of Westchester county. With respect to two of these parcels she had a remainder interest, and, with respect to the third, a fee simple. The life tenant of the two parcels died June 5, 1933.

The accounting executor contends that the proper and only remedy of the public welfare department, under section 128 of the Public Welfare Law, was to have instituted an action against the executor, and that, having failed to do this within three months after the rejection of the claim, the public welfare department is now barred from asserting its claim on the accounting. His claim is that, under the circumstances, claimant's only remedy is to proceed against the legatees in the manner provided by article 7 of the Decedent Estate Law. I am of the opinion that this defense is insufficient as a matter of law. The claim having been rejected, the county had the same optional form of remedy as any other claimant, viz., to sue in some other forum or to have its claim

determined by the Surrogate's Court on the accounting. (Surr. Ct. Act, § 211.)

It is also the contention of this executor that, since the ownership of the real property in question was a matter of public record, the public welfare officials had constructive knowledge of the decedent's interest in these properties and, by reason thereof, they are estopped from claiming misrepresentation and fraud. Counsel further contended and attempted to prove upon the hearing that the employees of the welfare department did not conduct a proper and sufficient investigation of the applicant's financial condition and that, if they had, the ownership of this property would have been disclosed.

Prior to the enactment of section 128 of the Public Welfare Law (Laws of 1929, chap. 565), and under section 57 of the former Poor Law, such arguments may have been pertinent. (*Tolley* v. *Maliswaski*, 159 Misc. 89, and cases cited.) Section 128 of the Public Welfare Law now reads as follows:

" § 128. Recovery from a person discovered to have property. A public welfare official may bring action against a person discovered to have real or personal property, or against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received relief and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such relief. Any public relief received by such person shall constitute an implied contract."

Under this statute, the acceptance of relief constitutes an implied contract on the part of the recipient to repay funds so received upon his acquiring property. (*Matter of Lang*, 242 App. Div. 781; *Matter of Collins*, 243 id. 737; *Matter of Black*, 150 Misc. 433; *Matter of Trent*, 159 id. 822.)

In *Matter of Collins* (*supra*) counsel advanced the same arguments as in the case at bar, viz., that knowledge on the part of the public welfare officials of the decedent's ownership of certain real property estopped the municipality from making any claim for reimbursement. In reversing the lower court as a matter of law and allowing the claim, the Appellate Division said: " Knowledge of the facts on the part of an official does not constitute an estoppel when public moneys have been illegally disbursed."

On the hearing, counsel for the executor moved to dismiss the objections on the further ground that the claim was filed and the objections were made by the county of Westchester and not by the public welfare commissioner, as provided by the Public Welfare

Law. In reply, the county attorney asserted that the claim filed herein by the county was made on behalf of the commissioner of public welfare. Decision on this motion was reserved. Examination of the papers on file shows that the claim was made in the name of the county of Westchester, but the usual form of affidavit accompanying it was executed by the superintendent of old age relief of the county of Westchester. The objections to the account were made in the name of and verified by the assistant superintendent of the division of old age relief in and for the county of Westchester. A bill of particulars with respect to the objections was made in the name of and verified by the director of child welfare and old age relief, department of public welfare of the county of Westchester. All these persons are officials of the department of public welfare of Westchester county. (Public Welfare Law, § 128.)

I hold that, irrespective of its form, the claim was in fact made and the objections were filed by the department of public welfare, and that it comes within the provisions of section 128 of the Public Welfare Law and the cases above cited. The motion is denied.

The distribution made by the executors prior to the expiration of seven months from the date of issuance of letters testamentary was in violation of the statute. (Surr. Ct. Act, § 218.)

The claim of the department of public welfare is allowed in the sum of $950.12, with interest from May 8, 1935, and, for the reasons herein stated, the surviving executor and the estate of Charles Azzara, deceased, are surcharged in that amount.

If so advised, the department of public welfare may also proceed against the legatees under article 7 of the Decedent Estate Law.

Submit decree on notice in accordance herewith.