WILLIAM HODSON, as Commissioner of Welfare of the City of New York, Plaintiff, *v.* CARMELO BLOISE, Defendant.

City Court of New York, Special Term, New York County, November 3, 1939.

*William C. Chanler, Corporation Counsel,* for the plaintiff.

*Rosen & Zalowitz,* for the defendant.

BYRNES, J. Upon the foregoing papers this is a motion for summary judgment on the ground that there is no valid defense to the action. The plaintiff, William Hodson, as commissioner of welfare of the city of New York, seeks to recover from the defendant the sum of $1,174.50 granted as relief to the defendant, together with the cost of administering the said relief in the sum of $207.26.

The defendant applied for relief sometime in the spring of 1937 and relief was forthcoming on the first day of July of that year. At the time application was made the defendant represented that he and his family were without resources. He further informed the authorities that a law suit was contemplated in his behalf to recover for personal injuries. Such suit was subsequently instituted and culminated in a settlement of the action for $12,500. Payment of this amount was subsequently made to the plaintiff therein.

The question now presents itself, is the department of welfare of the city of New York entitled to recoup from the recipient of relief the amount paid out to him? The answer can readily be ascertained from a reading of the section of the law applicable. Section 128 of the Public Welfare Law reads as follows: " Recovery from a person discovered to have property. A public welfare official may bring action against a person discovered to have real or personal property, or against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received relief and care during the preceding ten years, and shall be entitled to recover up to the value of such property the cost of such relief. Any public relief received by such person shall constitute an implied contract."

There is no necessity to discuss former section 57 of the Poor Law, as the relief herein was granted under the statute set forth in the Public Welfare Law.

It is the contention of counsel for the defendant that such an action will not lie in the absence of any showing of misrepresentation, concealment of assets or fraud on the part of the defendant.

With this contention the court cannot agree, since the last sentence of section 128 charges the relief recipient with a promise to pay therefor. (See *Matter of Lang*, 242 App. Div. 781; *Matter of Trent*, 159 Misc. 822.)

Fraud and concealment of assets no longer constitute a part of the plaintiff's case.

In *Matter of Black* (150 Misc. 433) it has further been held that the acceptance of relief constitutes an implied contract on the part of the recipient to repay, upon his acquiring property. (*Matter of Beningaso*, 165 Misc. 459.)

Motion is granted, the answer of the defendant is stricken out, and judgment may be entered in favor of the plaintiff and against the defendant for the relief demanded in the complaint. Execution is stayed for three days after service upon the attorneys for defendant of notice of entry of judgment.