In the Matter of Oswego Hospital, Petitioner, against Jay B. Kessler, as Commissioner of Public Welfare of the City of Oswego, New York Public Welfare District, Respondent.

Supreme Court, Special Term, Oswego County, July 20, 1953.

*Adrian K. King* for petitioner.

*Jay B. Kessler,* as Commissioner of Public Welfare, respondent in person.

GORMAN, J. Proceeding under article 78 of the Civil Practice Act to compel respondent, as commissioner of the City of Oswego, New York Public Welfare District, to accept hospital charges of one Donald Klock, an allegedly medically indigent person, and to make them a public charge against such public welfare district.

Respondent resists the proceeding upon the grounds that the required investigation to determine Klock's status was made; that the determination that Klock, at the time of the investigation, was not medically indigent is not subject to collateral attack since petitioner has failed to show that such determination abused the discretionary powers of the commissioner; that respondent has not refused to accept the hospital charges, but has tentatively accepted them with the understanding that payment will be made from the public funds if, and when, it is finally determined that Klock is unable to pay the bills himself; and upon the further ground that this proceeding was not brought within the limits of time imposed by section 1286 of the Civil Practice Act.

On November 1, 1952, Donald Klock, suffering from a severe head and neck injury, was taken, as an emergency patient, in a city ambulance to the Oswego Hospital. He remained until December 30, 1952, and thereafter received treatment as an outpatient until April 1, 1953. Upon his admittance to the hospital, an investigation as to his financial condition was made by petitioner, and on November 3, 1952, within the forty-eight-hour period required by paragraph (c) of subdivision 2 of section 187 of the Social Welfare Law, notice of indigence was served upon the City of Oswego, New York Public Welfare District. This notice was technically defective in that it did not contain a statement of the attending physician as required by statute.

Although the notice served upon respondent was not a literal compliance with the terms of the statute, it was sufficient in view of the decisions in *Matter of St. Joseph's Hospital* v. *Hillman* (270 App. Div. 972, affd. 297 N. Y. 502), and *Matter of Amsterdam City Hosp.* v. *Hoffman* (278 App. Div. 292). Respondent's contention that the present application is untimely, under the requirements of section 1286 of the Civil Practice Act, is without merit. Treatment to Klock from petitioner hospital continued until about April 1, 1953, and hospital bills which respondent has refused to accept were submitted shortly after April 9, 1953. In addition, respondent has never unqualifiedly refused to accept responsibility for the payment of these

bills, as occurred in *Matter of Amsterdam City Hosp.* v. *Hoffman* (*supra*).

The investigation conducted by respondent to determine Klock's financial status does not adequately comply with the requirements of section 132 of the Social Welfare Law. Respondent's affidavits clearly show that respondent merely reviewed the case record of Rose Klock, mother of Donald Klock, which had been compiled in connection with the application for, and refusal of, old age assistance to Rose Klock made in September of 1952, some two months before Donald Klock's accident. Such procedure was not sufficient to determine the true financial condition of Donald Klock at the time of his accident, and whether he was in fact indigent on November 1, 1952.

The court finds no merit in respondent's contention that the possession of a possible cause of action in negligence arising out of Donald Klock's accident renders him ineligible for consideration as a medically indigent person. Our courts have held that the possession of some property does not always and necessarily preclude a person from a just claim for relief (see *City of Albany* v. *McNamara,* 117 N. Y. 168, 98 A. L. R. 866), and the possession of a disputed cause of action which cannot be finally determined without admitted delay should not preclude him from the relief which has been provided by statute if he should qualify therefor in other respects. Respondent may pursue the remedy afforded by section 104 of the Social Welfare Law in connection with any settlement which may result from the injury to Donald Klock. (See *Fuller* v. *Galeota,* 271 App. Div. 155; *Hodson* v. *Bloise,* 173 Misc. 69.)

The petitioner is entitled to an order directing the respondent to determine, as of November 1, 1952, whether Donald Klock was in fact a medically indigent person, in need of medical and hospital care, and if so, to accept the charges as provided by law.