Charles M. Hughes, J.
The petitioner has.made an application for an order directing the Welfare Commissioner of Schenectady County to pay the sum of $561.10 to the petitioner for hospitalization services rendered an infant. The application is based upon section 187 of the Social Welfare Law.
*167 The patient, in this case, was an eight-month-old female daughter of James Strait, who was admitted to St. Clare’s Hospital December 9,1958 at 9:15 p.m. She was suffering from pneumonia; and malnutrition. The hospital mailed to the Commissioner of Welfare a notice provided for by section 187 of the Social Welfare Law. This section provides for the payment of medical care by the Commissioner of Public Welfare where a person is admitted without prior authorization and is found to be medically indigent.
A notice was sent to the Department of Public Welfare on December 9, 1958 and on January 14, 1959. The Commissioner refused to pay the bill on the ground that Mr. Strait, the father of the child, was employed and earns $70 a week and further that he was a poor budget planner and that he was in a position to work out a payment plan with the hospital.
The. petitioner does not take issue with the factual findings of the Commissioner, but with the conclusions and determination reached by the Commissioner. There is no claim presented by the petitioner that the Welfare Commissioner failed to properly investigate the case.
It is elementary that the primary responsibility for the care and necessities of a child remain with the head of the household, namely, the father. At common law, a father was, and still is, liable for the support of his minor children, no matter what his financial ability may be. (Fuller v. Galeota, 271 App. Div. 155.) The casting of this burden by statute upon the general community is restricted to cases only where the unfortunates are termed “medically indigent” under section 187 of the Social Welfare Law.
The Welfare Commissioner is conferred a broad discretion in granting relief. If his findings and determinations are made arbitrarily or without basis in fact, they are properly reviewable. The record submitted on this motion shows that the determination of the Commissioner was based upon a complete and thorough investigation. The mere fact that the petitioner may not have come to the same conclusion as the Welfare Commissioner does not establish the Welfare Commissioner’s action as an abuse of discretion. The record before the court sustains the Welfare Commissioner’s determination.
It should be brought to the petitioner’s attention that a matter of this nature should be brought on by the service of proper pleadings under article 78 of the Civil Practice Act.
This court has considered the claim of the Commissioner that the notice required under paragraph (c) of subdivision 2 of section 187 of the Social Welfare Law was not complied with. *168 Although, the notice served upon the respondent was not a literal compliance with the terms of the statute, it was sufficient in view of the decisions in Matter of St. Joseph’s Hosp. v. Hillman (270 App. Div. 972, affd. 297 N. Y. 502) and Matter of Amsterdam City Hosp. v. Hoffman (278 App. Div. 292). In accordance with this opinion, the motion of the petitioner is dismissed.