Ellis J. Staley, Jr., J.
This is a proceeding under article 78 of the Civil Practice Act wherein the petitioner, St. Clare’s Hospital, seeks an order directing and commanding the Commissioner of Public Welfare of the County of Albany to pay hospital charges incurred by one Pearl Schoonmaker, in the course of emergency treatment and care rendered to her as a medically indigent person. The respondent Commissioner has moved for denial of the application on the ground that pursuant to the provisions of section 187 (subd. 2, par. [c]) of the Social Welfare Law of the State of New York, he has made the required investigation to discover whether there was any liability for payment for the care of such patient and that his determination that there was no liability was not arbitrary and capricious and his determination is final in the matter.
On June 25, 1960 Pearl Schoonmaker was admitted as an emergency case to St. Clare’s Hospital and given treatment and hospitalization. Pursuant to section 187 (subd. 2, par. [c]) of the Social Welfare Law of the State of New York, St. Clare’s Hospital sent a notice of her admission to the hospital to the Public Welfare Department of the County of Albany which is the county in which Pearl Schoonmaker was residing at that time, requesting compensation for the services rendered to her by reason of the fact that she was a medically indigent person. The Commissioner of County Welfare of the County of Albany, on the 27th day of July, 1960, denied the application after an investigation of the circumstances relative to the patient’s ability to pay, and found that ‘ ‘ there was a surplus budget sufficient to make small monthly payments direct to the hospital business office ”. The patient was discharged from the hospital on the 8th day of July, 1960 and the charges for her medical care were the sum of $393.
On July 23, 1960 the said Pearl Schoonmaker was readmitted to St. Clare’s Hospital as an emergency ease and was given treatment and hospitalization and was discharged from the hospital on the 16th day of August, 1960. The charges for the medical care and hospitalization for the period of July 23, 1960 to Aug’ust 16, 1960 were in the sum of $675.36.
Section 187 (subd. 2, par. [c]) of the Social Welfare Law provides as follows: “ If, in case of emergency, a patient is admitted without prior authorization of the public welfare official empowered to approve payment for such care, and the hospital wishes to receive payment from public funds for such *128 patient, the hospital shall, within forty-eight hours of the admission, Sundays and legal holidays excepted, send to such official a report of the facts of the case, including a statement of the physician in attendance as to the necessity of the immediate admission of such patient to the hospital. If the public welfare official responsible for authorizing such care is not known by the hospital, such notice shall be sent to the commis-' sioner of the public welfare district in which the hospital is located, and such commissioner shall be responsible for making an investigation to discover whether any public welfare district or the state is liable for payment for the care of such patient. The cost of the care of such a patient shall be a charge against the public welfare district only when authorized by the commissioner of public welfare or his agent ”.
This statute contemplates three factors: first, that an emergency exists for the patient about to be admitted to the hospital; secondly, that the hospital will comply with prompt and proper notice to the Commissioner of Public Welfare from whom the hospital will seek reimbursement; and thirdly, an investigation by the Commissioner of Public Welfare to determine whether or not the patient is entitled to payment from the public welfare district. In this present proceeding there is no denial that the patient at the time of both admissions to St. Clare’s Hospital was in need of emergency medical treatment. The respondent has not raised any question about proper or adequate notice and, therefore, the sole issue to be determined is whether or not the investigation made by the Commissioner of Public Welfare of Albany County and based upon that investigation his denial of the responsibility for the care of the patient was a valid determination.
The petitioner contends that the investigation required under section 187 (subd. 2, par. [c]) of the Social Welfare Law is an investigation of the patient solely who had been admitted to the hospital and that if that patient is found to be unable to afford medical assistance and to adequately provide for payment of the medical assistance that then the Commissioner must accept responsibility and make payment for the medical treatment and hospitalization. The petitioner contends that no investigation of the patient in this proceeding was made as required, but rather that the investigation was confined solely to the patient’s husband’s ability to pay and that since the patient was a medically indigent person the Commissioner must pay for the services rendered and then seek reimbursement from the husband pursuant to the provisions of section 101 of the Social Welfare Law,
*129 Section 131 (subd. 1) of the Social Welfare Law provides in part as follows: “It shall be the duty of public welfare officials, insofar as funds are available for that purpose, to provide adequately for those unable to maintain themselves ”.
Section 132 (subd. 1) of the Social Welfare Law provides in part as follows: “ When an application for assistance or care is received, or a public welfare official is informed that a person is in need of public assistance and care, an investigation and record shall be made of the circumstances of such person.. The object of such investigations shall be to secure the facts necessary to determine whether such person is in need of public assistance or care and what form thereof and service he should receive. Information shall be sought as to * * * earnings or other income, and ability to work of all members of the family, the cause of the person’s condition, the ability and willingness of the family, relatives, friends and church to assist ”.
The respondent contends that the law specifically places the duty upon the Commissioner of Public Welfare to make an investigation into all the circumstances relative to adequacy of support of any person seeking assistance and care and that it is the decision of the Commissioner of Public Welfare that controls the finding as to indigency, not the decision of the hospital that provides the medical care.
The investigation made by the Commissioner revealed that Pearl Schoonmaker resided with her husband and three children in the house of her father-in-law who owned the house and who also resided there. Her husband was employed as a mechanic and received a net pay of $57 per week. They had to pay no rent and in addition her father-in-law shared in the expense of family food costs. On these facts the Commissioner was justified in determining that the husband was of sufficient ability to be responsible for the support of his wife, Pearl Schoonmaker, and for the payment of the medical services rendered to her by the petitioner.
Section 101 (subd. 1) of the Social'Welfare Law, which places the responsibility on a husband to pay for public assistance or care if he has sufficient ability to do so, further provides in subdivision 3 of said section for the procedure for an institution to recover support directly from the responsible relative of a patient who received care as a medically indigent person. It appears that a proceeding under that subdivision is the proper remedy for the petitioner here.
The petitioner’s contention, that any person receiving emergency medical care who is without sufficient financial means alone to pay for medical services but who is related to a responsible *130 and able person required by law to provide for support and payment of public assistance or care, is a medically indigent person is unreasonable and absurd. As the respondent points out, the adoption of any such contention would make every •housewife and child in the State without independent means of support a medically indigent person when emergency care was provided regardless of the earnings of the husband or father whether $57 per week or $570 per week. Such a contention raises to a high degree of unreasonableness the application of a statute enacted for the public welfare of needy citizens. Certainly private responsibility for support and care of wife and children when the ability to pay exists must be enforced.
In a similar proceeding brought by St. Clare’s Hospital, the petitioner here, against the Commissioner of Welfare of Schenectady County in 1959, the hospital sought to compel the Commissioner to pay for services rendered to an infant who was eight months old and who was admitted to the hospital as an emergency patient. The hospital charges were $561.10. The Commissioner made an investigation which revealed that the infant’s father earned $70 per week and the Commissioner refused to pay the bill. In affirming the Commissioner’s action and dismissing the hospital’s petition, Mr. Justice Hughes in Matter of St. Clare’s Hosp. v. Shane, (27 Misc 2d 166, 167) stated as follows: “It is elementary that the primary responsibility for the care and necessities of a child remain with the head of the household, namely, the father. At common law, a father was, and still is, liable for the support of his minor children, no matter what his financial ability may be. (Fuller v. Galeota, 271 App. Div. 155.) The casting of this burden by statute upon the general community is restricted to cases only where the unfortunates are termed ‘ medically indigent ’ under section 187 of the Social Welfare Law.
“ The Welfare Commissioner is conferred a broad discretion in granting relief. If his findings and determinations are made arbitrarily or without basis in fact, they are properly reviewable. The record submitted on this motion shows that the determination of the Commissioner was based upon a complete and thorough investigation. The mere fact that the petitioner may not have come to the same conclusion as the Welfare Commissioner does not establish the Welfare Commissioner’s action as an abuse of discretion. The record before the court sustains the Welfare Commissioner’s determination.”
The Social Welfare Law (§ 187, subd. 2, par. [c]) authorizes the payment for the care of a medically indigent patient “ only when authorized by the commissioner of public welfare ”, and *131 when the Commissioner has complied with the requirements of the statue and has made an investigation into the surrounding circumstances the determination in his best judgment and discretion should be sustained. (Foster v. Yates Co., 163 Misc. 784; City of Albany v. McNamara, 117 N. Y. 168.)
The respondent by way of argument also contends that this proceeding was not timely brought, since the proceeding was not commenced until December 8, 1960 which was more than four months after the service of the notice of indigency by the petitioner. In view of the fact that the last day that the patient received medical care from the petitioner was August 16, 1960, within four months of the date when this proceeding was commenced, the court determines that it was timely brought. (Matter of Oswego Hosp. v. Kessler, 204 Misc. 596; Matter of St. Joseph’s Hosp. v. Hillman, 270 App. Div. 972; Matter of Amsterdam City Hosp. v. Hoffman, 278 App. Div. 292.)
The court holds that the respondent’s finding that the husband of the patient had sufficient ability to pay for the services rendered to his wife and his denial of the petitioner’s application for payment are sustained. The application of the petitioner herein is denied, without costs.