Louis G. Bruhn, J.
This is a proceeding by the Albany Medical Center Hospital, as petitioner, against Marsh W. Breslin, who presently is the Commissioner of the Department of Public Welfare of the County of Albany, for a judgment pursuant to article 7° of the CPLR reviewing and correcting a *672 certain determination of the Commissioner denying the petitioner’s application for the hospital care of one Frank Merrill, Jr., allegedly a medically indigent person, pursuant to section 187 of the Social Welfare Law, and for a judgment directing the Commissioner to pay to the petitioner the amount due for the hospital care of said Frank Merrill, Jr., and for such other and further relief as may be just, proper and equitable.
The respondent in turn cross-moves for an order dismissing the petition herein as a matter of law on the ground that it fails to state facts sufficient to entitle the petitioner to the relief sought and on the further grounds that
“ 1. The respondent, named in his individual capacity, is not a proper party to this proceeding.
“2. The allegations of the petition establish that the petitioner has available a complete remedy in an ordinary action at law.
‘ ‘ 3. Petition fails to establish that the petitioner has a clear legal right to the relief sought herein and for such other and further relief as "the court may deem just and proper.”
At the outset it is essential that we understand that, in this proceeding, the ‘ ‘ Petitioner prays for a review of the aforesaid determination of the Respondent and upon such review of said determination, that judgment under Article 78 of the CPLR be made directing the Respondent Commissioner of Welfare of the County of Albany to pay to the Petitioner, Albany Medical Center Hospital, the sum of $435.27, representing the established rate then existing for the payment of medically indigent patients in accordance with the rates announced by the State Department of Social Welfare, pursuant to Section 187 of the Social Welfare Law.”
In a similar case, Matter of St. Clare’s Hosp. v. Shane (27 Misc 2d 166, 167), based on section 187 of the Social Welfare Law in which application was made “for an order directing the Welfare Commissioner of Schenectady County to pay the sum of $561.10 to the petitioner for hospitalization services rendered” Justice Hughes stated: “It should be brought to the petitioner’s attention that a matter of this nature should be brought on by the service of proper pleadings under article 78 of the Civil Practice Act.”
Since an article 78 proceeding is the proper vehicle'by which to seek the relief desired by the instant petitioner the language used by the court in the case of Matter of Nowak v. Wereszynski (21 A D 2d 427, 430) has particular significance: “ This proceeding was obviously brought under article 78 CPLR. Subdivision (a) of 7804 thereof provides that a proceeding under that *673 article 1 is a special proceeding. ’ Thereby article 4 of the enactment, which governs matters of procedure in special proceedings generally, is made applicable to a proceeding under article 78. Moreover, subdivision (c) of 103 CPLR provides that ‘ If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution.’ Thus, it has been written that 1 Under the new practice there is no “ procedural no man’s land all “ independent ” applications are civil judicial proceedings and must be either an action or a special proceeding. CPLR 103 (b), 104 (d). If such an application is brought in the wrong form the defect will be corrected without dismissal. CPLR 103 (c).’ (1 Weinstein-Korn-Miller, N. T. Civ. Prac. § 401.03; see, also, ibid, §§ 103.02 to 103.08 inclusive.) ” (Italics supplied.)
In view of such authority this court feels that it should order the amendment of the title to properly identify the respondent as “ Marsh W. Breslin, as Commissioner of Welfare of Albany County.”
Since unquestionably an article 78 proceeding is proper in this factual setting particularly since the relief seeks a direction to pay public money pursuant to statute and not a money judgment as such and since a misnomer of the respondent, especially in view of the allegations of the petition, is inconsequential, the only remaining question is whether or not the petition is legally sufficient.
The question of whether a petition is adequate as a pleading in a 78 proceeding must be resolved within the well-recognized rules that when the sufficiency of a pleading is attacked all of the allegations thereof and all inferences reasonably to be derived therefrom must be deemed to be true.
Viewing the instant petition in the light of such rules this court must conclude that it is legally sufficient. (Matter of St. Joseph’s Hosp. v. Hillman, 270 App. Div. 972, affd. 297 N. Y. 502; Matter of St. Joseph’s Hosp. v. Woloson, 7 A D 2d 696.)
Therefore, the respondent’s cross motion is denied, without costs, with leave to him to serve and file his answer within one week after the service of a copy of the order to be entered herein with notice of entry.