Ellis J. Staley, Jr., J.
This is a proceeding pursuant to article 78 of the CPLR to review a determination of the respondent as Commissioner of the Department of Public Welfare of the County of Albany denying the application of the petitioner for the hospital care of one Irene Johnson allegedly a medically indigent person, pursuant to section 187 of the Social Welfare Law, and for a judgment directing said respondent Commissioner to pay to the petitioner the amount due for the hospital care of the. said Irene Johnson and for such other and further relief as may be just, proper and equitable.
A cross motion is made by the respondent for an order dismissing the petition herein as a matter of law on the ground that it fails to state facts sufficient to entitle the petitioner to the relief sought and upon the further grounds that: 1. The respondent, named in his individual capacity, is not a proper party to this proceeding. 2. The allegations of the petition establish that the petitioner has available a complete remedy in *209 an ordinary action at law. 3. Petition fails to establish that the petitioner has a clear legal right to the relief sought herein and for such other and further relief as the court may deem just and proper.
A further motion is made by petitioner for an order pursuant to CPLR 405 (subd. [a]) correcting the caption of the proceeding by adding to the name of the respondent the words * ‘ as Commissioner of the Department of Public Welfare of the County of Albany.”
There is no denial that Marsh W. Breslin, the respondent herein, is a public officer, to wit: the Commissioner of Public Welfare of the County of Albany. The allegations of the petition sufficiently advise that the proceeding is against him in such capacity and there is no indication that, as Commissioner, he will be prejudiced by an amendment of the title of the proceeding. An order will, therefore, be granted to amend the title to properly identify the Commissioner as the respondent herein.
The sufficiency of the pleadings being attacked, all the allegations of the petition must be deemed to be true and the court must conclude that the petition states sufficient facts to entitle the petitioner to relief pursuant to section 187 of the Social Welfare Law.
Section 187 of the Social Welfare Law imposes a duty upon a public welfare district to provide needed care for sick and disabled persons in a hospital visited, inspected and supervised by the board with the cost of the care of such persons to be a charge against the public welfare district only when authorized by the Commissioner of Public Welfare or his agent. The petition herein alleges that the Commissioner authorized the care for the patient, Irene Johnson, for the period commencing on or about the 4th day of October, 1964 to and including the 14th day of October, 1964 and that he has since denied liability on the ground that she was an “ active welfare case ” and that such determination is arbitrary, capricious and contrary to law.
An article 78 proceeding is a proper proceeding to review a determination of a body or officer upon the grounds that such determination is arbitrary, capricious and contrary to law. (CPLR 7803, subd. 3.)
Further, section 187 of the Social Welfare Law in imposing a charge against the welfare district when hospital care is authorized by the Commissioner imposes a corresponding duty upon the Welfare Commissioner to pay the charges when billed at the proper rates if he has authorized such care.
*210 The question of whether a body or officer failed to perform a duty enjoined upon it by law is also reviewable by article 78 proceedings. (CPLR 7803, subd. 1.)
The fact that the petitioner may have an alternate remedy by action at law does not preclude it from electing to proceed by special proceeding where this remedy is also available. Further, it has also been held that if a civil judicial proceeding is brought in the wrong form, the defect will be corrected without dismissal. (Matter of Nowak v. Wereszynski, 21 A D 2d 427.)
It is the opinion of the court that the petitioner is properly before the court by article 78 proceeding.
Respondent’s cross motion is denied, without costs, with leave to serve and file his answer within one week after the service of a copy of the order to be entered herein with notice of entry.
Petitioner’s motion to correct the caption of the proceeding is granted, without costs.