T. Paul Kane, J.
This is a proceeding pursuant to article 78 of the CPLR instituted by Albany Medical Center Hospital, petitioner, against Francis C. Schreck as Commissioner of the Department of Public Welfare of the County of Albany, respondent, for a judgment directing respondent to pay to petitioner the cost of a period of hospitalization of a medically indigent patient in accordance with the provisions of section 187 of the Social Welfare Law and at the rate for such a patient as provided by a schedule of hospital rates promulgated by the Department of Social Welfare. Identical proceedings have been commenced in 45 other cases, all of which concededly are non emergency cases. (Social Welfare Law, § 187.) These other cases present the same single issue and the principles of law applicable are identical. Hence this decision shall be determinative of all of the other cases inventoried on a list attached to this decision.
In its answer respondent interposes certain denials, alleges that the Albany County Board of Supervisors has, by resolution, fixed a hospital rate of $25.50 per diem for such welfare patients and that the respondent is bound by that resolution. The answer admits that the County of Albany is a public welfare district, and contains objections in point of law to the effect that *1012 petitioner has a complete remedy in an ordinary action at law and that the petition fails to establish that there is a right to the relief sought.
Bespondent’s first objection in point of law has heretofore been put to rest in recent decisions by other Justices of this court. (Albany Med. Center Hosp. v. Breslin, 46 Misc 2d 671; Albany Med. Center Hosp. v. Breslin, 47 Misc 2d 208.)
As to the second objection in point of law, respondent does not negate the authority or power of the Commissioner of Social Welfare to promulgate a schedule of hospital rates, but questions whether or not he has in fact exercised this authority in supersedence of rates established in any public welfare district. Sections 20 and 34 of the Social Welfare Law set forth broad powers and duties bestowed upon the Department of Social Welfare, together with the general powers and duties of the Commissioner of Social Welfare. Pursuant to this statutory authority, rules and regulations of the department have been promulgated with respect to medical care, as well as many other and diverse areas of responsibility. (18 NYCRR.) Subchapter E of chapter II, entitled Medical Care, sets forth the following general policy:
“ Section 500.1 Implementation, (a) Each local welfare district shall write and maintain a local medical care plan which shall set forth in detail the policies and standards, procedures, forms, and fee schedules to be followed by the district. To the greatest extent possible, the local medical care plan shall follow the same organizational pattern as the State plan. It shall describe in detail how the provisions mandated by the State, by rule, regulation or instruction are being administered, which of recommended policies and procedures will be followed, which additional policies and standards have been added when not in conflict with the intent of the State plan, and what exceptions to the fee and rate schedules are to be made regardless of the question of reimbursement. “ (b) In all instances, the local medical care plan shall be prepared by the local welfare district and submitted for approval to the State Department of Social Welfare by October 1,1954, and the medical care program of the agency shall adhere to the plan as soon as such approval is granted; unless extensions of this time limit are specifically permitted by the State Department of Social Welfare.” (18 NYCBB 500.1.)
And further in relation to local procedures: 11 500.3 Local equivalent procedures. The local medical care plan may contain a local equivalent procedure for achieving a given objective when such procedure is at variance with a mandatory provision *1013 outlined in the State Welfare Medical Care Manual, but reimbursement on the expenditures covered by that procedure shall be dependent upon approval of the procedure by the State Department of Social Welfare.” (Italics added.) (18 NYCRR 500.3.) From the papers before this court and without contradiction, it appears that the Commisioner of Public Welfare of the County of Albany, the representative of the local welfare district herein, has not filed a plan with the State Department of Social Welfare as contemplated by these regulations. In section 505.4 of the Department Regulations further direction is contained in subdivision (b): “ (b) Hospital rate schedules. The local agency shall include in its medical plan either its local hospital rate schedule or a statement indicating that care will be paid for in accordance with the rates in the State maximum reimbursable hospital rate schedule. Revisions in the local hospital rate schedule must be reported to the department within 30 days from the effective date of any change.” (18 NYCRR 505.4[b].) In furtherance of statutory policy and in implementation of its rules and regulations, the State Department of Social Welfare has established and announced a schedule of hospital rates which fixed petitioner’s maximum reimburseable daily rate at $43.42. In the absence of an approved plan establishing a different rate, higher or lower than the State rate, this court concludes that the State rate must apply. (18 NYCRR 500.1, 500.3, 505.4[b].)
Article 5 of the Social Welfare Law, entitled “ Assistance and Care,” and section 187 thereof entitled “ Care in hospitals ”, direct a public welfare district to provide needed care for sick and disabled persons in an authorized hospital. (Social Welfare Law, § 187, subd. 1.) It further provides that: “ Except in the city of New York, such payment shall be made by the public welfare district to the hospital at rates announced by the department.” (Social Welfare Law, § 187, subd. 2, par. [c].) The objection has been raised that paragraph (c) of subdivision 2 applies only to emergency care and therefore mandates nothing in regard to nonemergency cases. The court considers the amendment to paragraph (e) of subdivision 2 above quoted only to be further evidence of the consequences of the interdepartmental committee on hospital rates.
The sole issue presented is whether or not the rate schedule established by the interdepartmental committee on hospital rates and promulgated by the Department of Social Welfare, fixing the maximum reimbursable daily rate for petitioner herein as contemplated by section 187 of the Social Welfare Law, takes precedence over a resolution of the Board of Supervisors *1014 of the County of Albany purporting to limit the respondent to their determination of what shall be the maximum rate allowable to welfare patients at petitioner’s hospital. If ij; is simply a choice between a statutory directive or a resolution of a local legislative body, there can be no choice. Obviously the statute must govern, and so it must in this case and all similar to it. It is solely a question of law that calls for only one conclusion. The respondent must comply with the 'State-mandated rate to which petitioner is entitled when its services are utilized as provided by the Social Welfare Law. Failure to do so is arbitrary, capricious and contrary to direct statutory provisions.
Furthermore, continued noncompliance could result in a forfeiture of State-reimbursed funds, which would shift the entire burden of hospital costs upon the local welfare district. (Social Welfare Law, § 139, subd. 3; § 153, subd. 2.)
Accordingly, the prayer for relief contained in the petition is in all respects granted and judgment may be so entered which shall direct respondent to pay to the petitioner the sum of $824.98. Similar judgments may be entered in the following identified cases in the amounts set forth in their respective petitions.
[Names of such cases omitted.]